Thomas LEE, Appellee,

v.

John J. GUERIN, Appellant.

Superior Court of Pennsylvania.

Argued April 27, 1999.

Filed Aug. 2, 1999.

Sebastian M. Rainone, Philadelphia, for appellant.

Thomas M. McGraw, Philadelphia and Nancy Phillips, Media, for appellee.

Peter A. Callahan, Norristown, for Participating Party.

Before DEL SOLE, MONTEMURO * and BECK, JJ.

DEL SOLE, J.:

¶ 1 This appeal is from the judgment entered in favor of Appellee Landlord Thomas Lee and against Appellant Tenant John Guerin. We vacate the judgment and reinstate the prior award.

¶ 2 Landlord initiated this civil action against Tenant seeking possession and damages under a commercial lease. Tenant filed a counterclaim for damages alleging breach of the lease by Landlord. The matter commenced before a District Justice and a notice of appeal was filed to the Court of Common Pleas. An arbitration hearing was held and an award was entered in favor of Tenant on Landlord's claim and against Tenant on his own claim. Thirty-one days later, Landlord filed an appeal from the arbitrator's award. Eleven months later, Landlord hired new counsel and filed a petition to appeal *nunc pro tunc* and/or motion to strike and/or dismiss any motion to dismiss or strike the appeal. Tenant filed a response to the petition and new matter in the form of a motion to dismiss and/or strike the appeal from the board of arbitrators. Without holding an evidentiary hearing, the trial court issued an order granting the petition for leave to file the appeal *nunc pro tunc*. Following a

* Retired Justice assigned to the Superior Court.

non-jury trial, a verdict was entered in favor of Landlord and against Tenant for unpaid rent and repairs made by Landlord in the amount of $108,218.28. Also, the lower court entered a verdict against Tenant on his counterclaim and granted possession of the premises to Landlord. Tenant's post-trial motions were denied. Judgment was entered in favor of Landlord and this appeal followed.

¶ 3 Tenant presents the following issues for our review: (1) whether the trial court erred in holding Tenant liable for repairs to the roof of a multi-tenant building when Landlord remained in control of roof for the common use of all the tenants; (2) whether the trial court erred when it entered a verdict after it failed to hold a separate hearing on damages in a bifurcated trial; and (3) whether the trial court lacked jurisdiction and erred in granting Landlord's appeal from the award of the arbitrators *nunc pro tunc.*

¶ 4 Due to our disposition of this case, we need only address Tenant's third issue which challenges the trial court's jurisdiction. Timeliness of an appeal, whether it is an appeal to an appellate court or a *de novo* appeal in common pleas court, is a jurisdictional question. *Gallardy v. Ashcraft*, 288 Pa.Super. 37, 430 A.2d 1201 (1981). Where a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace. *MacKanick v. Rubin*, 244 Pa.Super. 467, 368 A.2d 815 (1976). Tenant argues the trial court abused its discretion in granting Landlord's petition to appeal from the Board of Arbitrators *nunc pro tunc* despite the appeal being filed more than thirty days after the award was entered and Landlord's failure to argue any factors which would permit such extraordinary relief. We agree.

¶ 5 The Pennsylvania Supreme Court has stated:

As a general rule, an appeal nunc pro tunc is only granted in civil cases where there was fraud or a breakdown in the court's operations. *West Penn Power Co. v. Goddard*, 460 Pa. 551, 333 A.2d 909 (1975). However, this rule has been expanded to permit appeals nunc pro tunc in instances other than fraud or a breakdown in the court's operations. "In recent years, however, the courts have somewhat liberalized this rigid standard" which required fraud or a breakdown in the court's operation. *Roderick v. Commonwealth of Pa., State Civ. Service Com.*, 76 Pa.Commw. 329, 332, 463 A.2d 1261, 1263 (1983). *See, e.g., Cook v. Unemployment Comp. Bd. of Review*, 543 Pa. 381, 671 A.2d 1130 (1996) (hospitalization of litigant during the running of the appeals period which resulted in the non-negligent late filing of the appeal supplied grounds for granting an appeal nunc pro tunc); *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979)(where the conduct of the attorney or his agent is non-negligent and results in the failure to timely file an appeal, an appeal nunc pro tunc should be allowed); *Perry v. Commonwealth of Pa., Unemployment Bd. of Review*, 74 Pa.Commw. 388, 459 A.2d 1342 (1983)(same); *Tony Grande, Inc. v. W.C.A.B. (Rodriguez)*, 71 Pa.Commw. 566, 455 A.2d 299 (1983)(same); *Walker v. Commonwealth of Pa., Unemployment Comp. Bd. of Review*, 75 Pa. Commw. 116, 461 A.2d 346 (1983)(where Post Office negligently failed to forward referee's decision, which resulted in untimely filing of appeal, the Board of Review erred in not considering this extenuating circumstance when determining the propriety of granting a nunc pro tunc appeal).

*Commonwealth v. Stock*, 545 Pa. 13, 679 A.2d 760, 763 (1996).

¶ 6 The time for an appeal from an arbitration award begins when it is entered on the docket. *Gallardy v. Ashcraft, supra.* Here, entry of the arbitration award on the docket occurred on March 18, 1996, after which Landlord had thirty days in which to file an appeal for a trial *de novo.* Pennsylvania Rule of Civil

Procedure 1308(a). See 42 Pa.C.S.A. § 7361(d) and 42 Pa.C.S.A. § 5571(b). Consequently, Landlord's appeal should have been filed on or before April 17, 1996. However, the docket shows the appeal was filed on April 18, 1996, one day after the appeal period closed. As a result, the trial court lacked jurisdiction to hear the appeal.

¶ 7 However, to circumvent the error in filing, on March 14, 1997, Landlord, through new counsel, filed a petition for appeal *nunc pro tunc* and/or motion to strike or dismiss any motion to dismiss or strike the appeal. This motion simply alleged that prior counsel filed the appeal late and if appellate rights were not reinstated, Landlord would be deprived of his right to a trial by jury, pursuant to the Pennsylvania and United States Constitutions. Tenant filed an appropriate response and new matter in the form of a motion to dismiss and/or strike the appeal. The trial court entered an order granting the petition to appeal *nunc pro tunc* without an evidentiary hearing.

¶ 8 At no time has Landlord, whether in his petition to appeal *nunc pro tunc*, in his memorandum of law in support of the petition, or in his brief to this court, alleged any fraud, breakdown in the court's operations or non-negligent conduct or happenstance which resulted in the late filing of his appeal. We find that without any such allegation and corresponding offer of proof, there is no basis for an extension of the appeal time. Therefore, we find that the trial court erred in permitting the appeal *nunc pro tunc*. Consequently, we vacate the judgment entered by the trial court in favor of Landlord dated October 14, 1998, and reinstate the award of the arbitrators in favor of Tenant dated March 18, 1996.

¶ 9 Judgment vacated. Award of arbitrators reinstated. Jurisdiction relinquished.