**Richard J. GARGANO and Monicalucia Gargano, H/W, Appellees**

v.

**TERMINIX INTERNATIONAL CO., L.P. Appellant.**

Superior Court of Pennsylvania.

Argued June 12, 2001.
Filed Oct. 2, 2001.

Gregory Marchesini, Philadelphia, for appellant.

Robert C. Ewing, Media, for appellee.

Before: JOYCE, LALLY–GREEN and KELLY, JJ.

JOYCE, J.

¶ 1 Appellant, Terminix International Co., L.P., appeals from the judgment entered pursuant to a December 1, 2000 order of the Court of Common Pleas of Delaware County confirming an arbitration award. We affirm and remand to the trial court for the imposition of appropriate attorney fees and delay damages. The relevant facts and procedural history are as follows.

¶ 2 Appellees, Richard J. and Monicalucia Gargano, entered into an agreement of sale with Norris Jackson for the purchase of a home. As this sale was contingent

upon Appellees obtaining a "wood destroying insect infestation and resultant damage report" and a "general inspection report," Appellees hired Appellant to inspect the home for the presence of wood destroying insects and to ascertain the extent of any damage caused by them. Appellant performed this inspection and only reported evidence of infestation at the end of one beam in the foundation. Appellees hired Appellant to treat the termites, and once treated, Appellant assured them that the structural integrity of the home was not compromised and that there would be no further active infestation or continuing damage. As a result, Appellees purchased the home on July 21, 1995. Only one month later, Appellees discovered extensive termite infestation and learned that their home was structurally unsound.

¶ 3 Appellees initiated a civil action in the Court of Common Pleas of Delaware County against Appellant for negligence and breach of warranty claiming damages in excess of $240,000.[1] Upon Appellant's request to submit the matter to arbitration, the parties drafted and executed an agreement to arbitrate. This agreement specifically provided that the parties would submit to "binding common law arbitration through the American Arbitration Association under its Commercial Arbitration Rules." Agreement to Arbitrate, at Exhibit P–2. An arbitration hearing was held and an award was entered on June 13, 2000 in Appellees favor in the amount of $215,314.92.

¶ 4 On June 13, 2000, Appellant filed an application for modification and clarification of the arbitrator's award requesting that (1) the damage award be capped at $94,400, (2) the cost of their engineering and entomologic witnesses be borne by Appellees, (3) the termite re-treatment costs be deleted from the award, and (4) the burden of filing fees and costs be reallocated. The arbitrator issued a clarification on July 10, 2000 denying Appellant's requested relief.

¶ 5 On July 12, 2000, Appellant filed a petition with the trial court to vacate or modify the arbitration award advancing the same arguments and alleging that the arbitrator failed to address all of the issues Appellant had submitted for his determination. On October 3, 2000, after a hearing, the trial court denied Appellant's petition to vacate the award. Appellant filed its notice of appeal to this court on October 20, 2000. On December 1, 2000, the court entered judgment on the order confirming the arbitration award.

¶ 6 Appellant raises the following issues for our review:

1. DID THE COURT COMMIT ERROR BY FAILING TO VACATE AND/OR MODIFY THE AWARD OF THE ARBITRATOR WHICH WAS IN EXCESS OF THE TERMS OF THE DEMAND FOR ARBITRATION AND AGREEMENT FOR ARBITRATION AND THEREFORE EXCEEDED THE SCOPE OF THE ARBITRATOR'S AUTHORITY?

2. DID THE COURT COMMIT ERROR BY FAILING TO VACATE THE AWARD OF THE ARBITRATOR WHICH INCREASED DAMAGES ABOVE THE AGREED ARBITRATION DEMAND OF $94,400.00 [AS IT] WAS NOT A "REMEDY OR RELIEF THAT WAS JUST AND EQUITABLE AND WITHIN THE SCOPE OF THE AGREEMENT OF PARTIES"?

1. Appellees also sued Wayne and Frank Falcone of the Accurate Home Building and Inspection Service and the estate of the seller, Norris Jackson, for negligence. Neither of these defendants are parties to this appeal.

3. DID THE COURT COMMIT ERROR IN FAILING TO VACATE AND/OR MODIFY THE AWARD OF THE ARBITRATOR WHICH AWARDED ARBITRATOR'S FEES OF $1905.20 ALONG WITH EXPENSES INCLUDING ENGINEERING WITNESS FEES AND ENTOMOLOGIST WITNESS FEES IN VIOLATION OF RULES OF THE AMERICAN ARBITRATION ASSOCIATION AND WERE NOT WITHIN THE SCOPE OF THE ARBITRATOR'S AUTHORITY?

4. DID THE COURT COMMIT ERROR IN FAILING TO VACATE AND/OR MODIFY THE AWARD OF THE ARBITRATOR AS THE ARBITRATOR FAILED TO ADDRESS THE PROPOSED ISSUES [sic] WHICH WERE SUBMITTED FOR HIS DETERMINATION?

5. DID THE COURT COMMIT ERROR IN FAILING TO VACATE OR MODIFY THE ARBITRATION AWARD WHICH AWARDED DAMAGES OTHER THAN DAMAGES TO "CURE THE TERMITE PROBLEM" AND THEREFORE WERE NOT DAMAGES WITHIN THE SCOPE OF THE ARBITRATOR'S AUTHORITY?

Appellant's Brief, at 4.

¶ 7 As a preliminary matter, we must first consider whether the instant appeal is timely filed. The timeliness of an appeal is a jurisdictional question. *Lee v. Guerin*, 735 A.2d 1280, 1281 (Pa.Super.1999) (citations omitted). Where a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace. *Id.* An appeal from a common law arbitration award must be made within 30 days of the date judgment is entered. 42 Pa.C.S.A. § 5571. In the instant case, Appellees had judgment entered on the arbitrator's award on July 14, 2000 in the original civil action. As such, Appellant needed to file its appeal in our Court by August 14, 2000 for the appeal to be timely. Appellant did not file its notice of appeal until October 20, 2000. Appellant maintains, however, that judgment should not have been entered as it had filed a petition to vacate or modify the arbitration award two days earlier on July 12, 2000 on a new docket number. Although Appellant included the docket number of the initial civil action on the petition, the trial court crossed out the original docket number and filed the document under a new number.

¶ 8 As a general rule, an appeal *nunc pro tunc* may be granted where a fraud or breakdown in the court exists or where the late filing is not the result of an attorney's negligent conduct. *See Lee*, 735 A.2d at 1281–82. In the instant case, Appellant attempted to file its petition prior to the entry of judgment on the correct docket number. When it learned that a judgment had been entered on the original docket number, Appellant tried to file a stay on that action pending the resolution of the petition. In light of these efforts, we will not penalize Appellant for a breakdown in the operation of the court that led to a premature entry of judgment. We will consider this appeal *nunc pro tunc*.[2]

---

**2.** Appellees also contend that this appeal (filed October 20, 2000) is premature as the trial court did not confirm the award and enter judgment under the new docket number until December 1, 2000. This court has held that an order denying a petition to vacate or modify an award is not an appealable order.

*See Dunlap v. State Farm Ins. Co.*, 377 Pa.Super. 165, 546 A.2d 1209, 1210 (1988). As proper procedure requires the court to enter a confirming order and judgment either simultaneously with or following the entry denying vacation or modification of the award, we will not penalize Appellant for the trial

¶ 9 The standard of review for common law arbitration is very limited:

> The award of an arbitrator in a nonjudicial arbitration which is not subject to (statutory arbitration) or [to] a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

*Prudential Property and Cas. Ins. Co. v. Stein,* 453 Pa.Super. 227, 683 A.2d 683, 684 (1996) (citing 42 Pa.C.S.A. § 7341). The arbitrators are the final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either. *See id.* Furthermore, Appellant bears the burden to establish both the underlying irregularity and the resulting inequity by "clear, precise and indubitable evidence." *McKenna v. Sosso,* 745 A.2d 1, 4 (Pa.Super.1999), *appeal denied,* 563 Pa. 677, 759 A.2d 924 (2000). In this context, irregularity refers to the process employed in reaching the result of the arbitration, not the result itself. *Id.* In addition, as the arbitrator's authority is restricted to the powers the parties have granted them in the arbitration agreement, we may examine whether the common law arbitrator exceeded the scope of his authority. *See Boulevard Assoc. v. Seltzer Partnership,* 445 Pa.Super. 10, 664 A.2d 983, 987 (1995); *Ginther v. U.S. Fidelity and Guar. Co.,* 429 Pa.Super. 255, 632 A.2d 333, 335 (1993), *appeal denied,* 538 Pa. 612, 645 A.2d 1316 (1994). Finally, we note that a trial court order confirming a common law arbitration award will be reversed only for

court's four month delay. *See Kemether v. Aetna Life & Cas. Co.,* 440 Pa.Super. 468, 656

an abuse of discretion or an error of law. *See Prudential, supra* at 685.

¶ 10 In essence, Appellant argues that the arbitrator exceeded the scope of his authority when he determined the damage award and failed to address all of the proposed issues that were submitted for his determination. Furthermore, Appellant maintains that such overreaching constitutes an irregularity that must be remedied by this Court. We disagree.

¶ 11 In its first, second and fifth issues, Appellant argues that the arbitrator exceeded his authority when he granted relief in excess of the $94,400 figure referenced in the agreement. Although we agree that the agreement to arbitrate listed damages at $94,400 for purposes of paying the initial filing fee, the language of the agreement did not limit the award to this amount. In paragraph four (4) of this agreement, the parties agreed:

> The parties shall equally bear all filing fees and administrative costs. **The initial demand for arbitration will list damages at $94,400.00 for purposes of payment of filing fees. This figure is without prejudice to either party to claim damages [sic] are higher or lower than this amount.** Should [Appellees] pursue a claim for damages exceeding $94,400.00, [Appellees] shall bear the filing fees and costs for said additional damages alone.

Agreement to Arbitrate, Certified Record at Exhibit P–2. (Emphasis added.) The language of this agreement clearly indicates that the damages were not limited to $94,400. This figure was only provided for the purpose of paying a lower initial filing fee. Furthermore, as Appellees' pre-trial

A.2d 125 (1995).

memorandum indicated that the couple sought nearly $300,000 in damages, and as Appellees' witnesses testified at the arbitration that the damages were in excess of the $94,400 figure in the agreement, Appellant's interpretation of the agreement is neither legally nor factually based. See Plaintiffs' Pre–Trial Memorandum, at P–5; Clarification of June 13, 2000 Award of Arbitrator, at P–7. Furthermore, Appellant cannot advance a good faith argument that an irregularity occurred when the arbitrator instructed Appellees to pay an increased filing fee after the hearing. Once the arbitrator decided to make an award greater than the $94,400 figure used for an initial filing fee, it was proper, per the agreement, for Appellees to supplement the fee in light of the larger award.

¶ 12 In its third issue, Appellant argues that the arbitrator exceeded the scope of his authority when he awarded arbitrator's fees, engineering costs and entomologist expenses in violation of Rule 52 of the AAA Commercial Arbitration Rules and the parties' agreement. The agreement to arbitrate provides that "the parties shall equally bear all filing fees and administrative costs." Agreement to Arbitrate, Certified Record at P–2. Furthermore, Rule 52 of the Commercial Arbitration Rules provides:

> The expenses of witnesses for either side shall be paid by the party producing such witnesses. **All other expenses of the arbitration, including required travel and other expenses of the arbitrator, AAA representatives, and any witness and the cost of any proof produced at the direct request of the arbitrator, shall be borne equally by the parties, unless they agree otherwise *or unless the arbitrator in the award assesses such expenses or any part thereof against any specified party or parties.***

AAA Commercial Dispute Resolution Procedures, Petition to Vacate or Modify Arbitration Award, Certified Record at 1. (Emphasis added). As the trial court did not determine these expenses to be "witness production costs," and as Rule 52 allows the arbitrator to assess "all other expenses" to a party as he/she specifies regardless of the language in the agreement, we do not find that the trial court abused its discretion or committed an error of law in failing to vacate or modify the award.[3]

¶ 13 Appellant's final claim is that an irregularity occurred when the arbitrator failed to address all of the proposed issues that were submitted by Appellant. Appellant's Brief, at 24–26. Appellant asked the arbitrator to determine, *inter alia*, whether Appellees were bound by a termite service plan, were limited to the terms of the conventional wood destroying insect report, and/or were limited by their agreement of sale. Appellant's Brief, at 24–25. Appellant further provides that "had the arbitrator addressed these proposed issues, it would have made clear to the court and to the parties that additional claims considered by the Arbitrator exceeded his authority and were beyond the scope of the agreement to arbitrate." *Id.* at 26.

---

**3.** As Appellant failed to obtain a transcript of the trial court proceedings, this Court lacks the evidence to determine whether these expenses and fees are "witness production costs." In light of this failure, we are unwilling to find that the trial court abused its discretion or committed an error of law in failing to vacate or modify the award. *See* Pa.R.A.P.1911(d). *See also In re M.T.*, 414 Pa.Super. 372, 607 A.2d 271, 275–276 (1992) (holding that it is the Appellant's responsibility to provide this Court with a record of the proceedings in the lower court.)

¶ 14 As stated *supra*, Appellant bears the burden of establishing the underlying irregularity and the resulting inequity by clear, precise and indubitable evidence. In light of the above argument, Appellant has not met its burden. Foremost, Appellant does not demonstrate that the arbitrator failed to consider these issues. Furthermore, Appellant fails to provide this Court with any evidence or meaningful explanation as to how a thorough examination of these issues would have led to a different result.[4] The mere fact that the arbitrator found in favor of the Appellees does not demonstrate that an irregularity and a resulting inequity occurred.

¶ 15 Finally, Appellees request that this Court award damages, including attorney fees and interest, as the instant appeal is wholly frivolous and designed to cause delay. We agree. Our Court may award a reasonable counsel fee and damages for delay if we determine that an appeal is:

> ...frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

Pa.R.A.P. 2744. Moreover, an appeal is "frivolous" if the appellate court determines that the appeal lacks any basis in law or in fact. *See Thunberg v. Strause*, 545 Pa. 607, 682 A.2d 295, 302 (1996).

¶ 16 In light of the arguments advanced by Appellant, we find that this appeal lacks any basis in law or in fact. As stated above, Appellant could not advance an interpretation of the parties' agreement to arbitrate that was remotely consistent with the actual language of the agreement or the evidence of record. Moreover, Appel-

lant failed to provide this Court with any evidence demonstrating that the arbitrator failed to consider all of the issues or that any inequity occurred.

¶ 17 Additionally, the arguments set forth by Appellant indicate that this appeal was taken solely for delay. As arbitration proceedings were instituted to provide the parties with a quick and easy mode of obtaining justice, we decline to allow arbitrations to become an "unnecessary step in the course of litigation, causing delay and expense, but settling nothing finally." *Chervenak v. Hotel Rittenhouse Associates, Inc.*, 328 Pa.Super. 357, 477 A.2d 482, 485 (1984) (citations omitted). In the instant case, upon receipt of the arbitrator's decision, Appellant made several objections that the arbitrator clearly refuted in his written clarification. After a hearing in the Court of Common Pleas, the trial court refused to vacate or modify the award after a review of the identical objections. Furthermore, in the instant appeal, Appellant fails to provide any evidentiary support for these previously litigated claims. Although we do not seek to dissuade parties from appealing a common law arbitration award in good faith, we will not permit Appellant to unreasonably extend these proceedings, and to advance frivolous arguments, while Appellees continue to suffer extensive damage to their home.

¶ 18 Judgment affirmed and remanded to the trial court for the imposition of appropriate attorney fees and delay damages. Jurisdiction relinquished.

---

**4.** Appellant failed to provide this Court with any of the aforementioned documents.