# Trojanowicz v. Ford

354

C.P. of Lackawanna County, No. 2013-CV-223

*Lawrence J. Moran*, for plaintiff.
*Joseph Goldberg* and *Michael B. Pullano*, for defendants.

MINORA, *J.*, Feb. 10, 2015—Before the court is defendants Archbald Van Pool, Inc.'s (hereinafter "defendant Archbald") and Kenneth Propst's (hereinafter "defendant Propst") petition for appeal of Special Trial Master (STM) for discovery, attorney Henry P. Burke's order dated August 21, 2014. STM Burke entered an order denying defendant Archbald's and defendant Propst's motion to compel continued medical examination of plaintiff Lori Trojanowicz (hereinafter "plaintiff"). In that order, STM Burke wrote that "defendant's Doctor stated that the additional tests... 'are medically necessary for [him] to render a *more* accurate and complete examination regarding her condition; The clear implication is that the doctor can render an *accurate* evaluation without the additional test." For the reasons that follow, defendants'

petition for appeal of the STM's order is dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

This case arises from a motor vehicle accident which occurred in the early hours of January 24, 2011. Plaintiff was the passenger in a 2001 Ford Windstar that was owned by defendant Propst and/or defendant Archbald and operated by defendant Propst. Plaintiff's complaint alleged that plaintiff and defendant Propst were traveling east on State Route 6 near the Exit 1 off ramp in Throop Borough when defendant Propst lost control of the vehicle and struck a concrete barrier located on the roadway. The vehicle allegedly rolled over and came to a final rest on the driver's side, facing northwest on the Exit #1 off ramp. Plaintiffs complaint also alleged that defendant Propst lost control of the vehicle as a result of a defectively designed rear axle in the 2001 Ford Windstar. Plaintiff suffered various serious, permanent, disabling injuries and damages.

Defendants Propst and Archbald filed preliminary objections to plaintiffs complaint on November 6, 2013, to which all parties filed a stipulation where plaintiff agreed to withdraw, without prejudice, her punitive damage/reckless language claims against both defendants. Defendant Ford Motor Company (hereinafter "defendant Ford") filed separate preliminary objections to plaintiffs complaint on November 6, 2013, to which all parties filed a stipulation where plaintiff again agreed to withdraw, without prejudice, her punitive damage/reckless language claims against defendant Ford.

On December 6, 2013, defendants Propst and Archbald filed separate answers to plaintiffs complaint with new matter and crossclaims against defendant Ford. On

December 10, 2013, defendant Ford filed its answer to plaintiff's complaint with new matter and crossclaims against defendants Propst and Archbald. On December 27, 2013, all parties entered a stipulation permitting defendants Propst and Archbald to amend their respective answers to plaintiffs complaint.

On January 14, 2014, defendants Propst and Archbald filed their respective amended answers to plaintiffs complaint with new matters and crossclaims against defendant Ford, and defendant Ford filed its answer to those crossclaims on January 15, 2014. On February 6, 2014, plaintiff filed her replies to defendants Propst's and Archbald's new matters.

The parties then decided to focus their dispute on discovery issues. On July 25, 2014, defendants Propst and Archbald collectively filed a motion to compel continued medical examination of plaintiff. In this motion, the defendants requested "an opportunity to fully examine the plaintiff and to determine what claimed conditions are new and what may have been pre-existing." *See* defendants' motion to compel continued medical examination of plaintiff, at 5-6. The defendants alleged that "[a]bsent the completion of the proposed testing, which Dr. Fischbein believes is necessary, the defense will be unable to achieve this objective." *Id.*, at 6. On August 21, 2014, STM Burke issued an order in favor of plaintiff, denying defendants' motion to compel. In the order, STM Burke stated that the defendants' Doctor can render an *accurate* evaluation in the absence of the additional three (3) hour long testing.

On September 4, 2014, defendants Propst and Archbald collectively filed the current appeal of the August 21, 2014 order of STM Burke, and on October 8, 2014 defendants

filed their brief in support of the appeal of the order. On October 27, 2014, plaintiff filed her brief in opposition to defendants' appeal of the order, and Defendants filed their reply brief on November 25, 2011.

## II. LEGAL ARGUMENTS OF THE PARTIES

### I. Defendants' Argument

Defendants argue that "the proposed testing with Dr. Fischbein is certainly within the scope of accepted discovery practice as it relates directly to plaintiffs claimed damages." *See* defendants' brief in support of the appeal of STM's order Dated August 21, 2014, at 9. Specifically, defendants argue that "[a] substantial component of plaintiff s claimed damages are her ongoing complaints of [Post Traumatic Stress Disorder (hereinafter "PTSD")] and depressive disorder associated with the accident at issue," and "Dr. Fishbein concluded that the MMPI and Incomplete Sentence Blank tests are medically necessary to perform a complete evaluation." *Id.* Defendants contend that "[i]t belies the spirit of the justice system to prevent a thorough evaluation if its absence will leave a void for speculation and guesswork as to plaintiffs condition when all that is necessary to fill in these gaps is three hours of plaintiff's time." *Id.*, at 10. In their reply brief, defendants also argue "[t]here is no prejudice to plaintiff by compelling her to complete the examination", and "plaintiff failed to comply with Pa.R.Civ.P. 4010 when she refused to [c]omplete her psychiatric examination." *See* reply brief in support of the appeal of special trial master's order date 8-21-14, at 1,4.

### II. Plaintiffs' Argument

Plaintiff argues that defendants' appeal must be

dismissed as untimely pursuant to Lackawanna County Local Rule 4000.1(b). *See* brief in opposition to defendants' appeal of special trial master's order dated 8-21-14, at 4. Specifically, plaintiff argues that "the appeal motion is clearly untimely as it was not filed until September 4, 2014, fifteen (15) days after the August 21, 2014 dated order." *Id.* Next plaintiff argues that "[s]hould this court determine defendants' appeal was timely...it is unmistakable that the rules of civil procedure do not support defendants' position that this court should compel a continued examination of plaintiff." *Id.*, at 9. In her brief, plaintiff states that while Pennsylvania Rule of Civil Procedure 4010(a)(2) permits the court to order a party to submit to a physical or mental examination, there is nothing in the rule that allows an examining physician to conduct continued examination where the examination has already occurred. *Id.*, at 9-10.

Plaintiff's third argument contends that "Pennsylvania case law does not support defendants' position for a continued examination, as evidenced by the fact that defendants do not cite a single case where a court has required the plaintiff to undergo specific 'testing' as part of a Rule 4010(a)(2) defense medical 'examination.'" *Id.*, at 10. In her final argument, plaintiff argues that "[t]he facts of this matter do not support a continued examination of plaintiff' because I)"[t]he additional tests were not previously disclosed until the day of the exam", 2) "Dr. Fischbein does not perform the additional tests himself, and 3) "[t]he additional tests are not medically necessary." *Id.*, at 11-12.

### III. DISCUSSION

Lacka.Co. R.C.P. 4000.1 provides in relevant part:

(b) An order of the special trial master may be appealed *de novo* by presentation of an appeal motion to the designated motions court judge in accordance with Lacka.Co. R.C.P. 206.4(c), together with proof of payment to the clerk of judicial records of an appeal cost in an amount to be set by the court from time to time. The appeal motion shall be filed within ten days of the order of the special trial master and shall be considered by the court pursuant to Lacka.Co. R.C.P. 4000.

*See* Lacka.Co. R.C.P. 4000.1(b). Timeliness of an appeal is a jurisdictional question, regardless of whether it is an appeal to an appellate court or a *de novo* appeal in common pleas court. *Lee v. Guerin,* 735 A.2d 1280,1281 (Pa. Super. 1999). "Where a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace." *Id.*

STM Burke issued the order denying defendants' motion to compel continued medical examination of plaintiff on August 21, 2014. The record reflects that defendants did not file the current appeal until September 4, 2014, fourteen (14) days after STM Burke's order. Lacka.Co. R.C.P. 4000.1(b) requires a party's appeal motion to be filed within ten (10) days of the STM's order. In their brief, defendants argue that since they received the subject order on August 26, 2014 their appeal is timely because it was filed within ten (10) days of notice of the order. *See* defendants' brief in support of the appeal of STM's order dated August 21, 2014, at 6. However, defendants fail to cite any case law, nor does this court find any case law, in support of this argument. The Lackawanna County R.C.P 4000.1(b) requires an appeal motion to be filed "...within ten (10) days of the order of the special trial master," not

within ten (10) days of receipt of notice.

Defendants argue that the order should be set aside and plaintiff should be compelled to appear for a continued medical examination because the Pennsylvania Rules of Civil Procedure expressly permit examination of a party where his or her condition is in controversy. *Id.* Defendants further argue that the Pennsylvania Rules of Civil Procedure allow for liberal discovery so as to secure a just resolution. *Id.* Pa. R.C.P. 4003.1 provides that "a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." Pa. R.C.P. 4000.1(a). With regard to physical and mental examinations of persons, "[w]hen the mental or physical condition of a party... is in controversy, the court...may order the party to submit to a physical or mental examination by an examiner or to produce for examination the person in the party's custody or legal control." Pa. R.C.P. 4010. While Pa. R.C.P. 4010 provides that a party may be required to submit to an independent medical examination (hereinafter "IME"), it is up to the court's discretion whether a party is required to do so. Here, plaintiff previously submitted to an examination on July 2, 2014, and STM Burke found that defendants' doctor was able to render an accurate evaluation in the absence of the additional tests requested in the motion to compel continued medical examination of the plaintiff.

Defendants finally argue "there is no prejudice to plaintiff in compelling this examination to occur insofar as the examination could be completed in less than three (3) hours and plaintiff is permitted to take as many breaks as she wishes." *See* defendants' brief in support of the

appeal of STM's order dated August 21, 2014, at 6. While it may be true that there is no prejudice to the plaintiff in submitting to the additional testing, there is nothing in Pa. R.C.P 4010, nor any case law, that requires a plaintiffs prejudice to be considered when requiring a party to submit to an IME.

Defendants' appeal of the STM order of August 21, 2014 is dismissed as untimely. However, in the interest of thoroughness, as per the above, if reviewed in substance defendant's motion to appeal the decision of the STM is without merit. Pa. R.C.P. 4010(a)(2) authorizes this court to order the mental or physical examination of a party when the mental or physical condition of that party is in controversy. There is nothing in the rule cited which permits an examining physician to conduct redundant examinations nor continued examinations absent an alleged intentional concealment of plaintiffs injury at the time of the first examination or a substantial change in plaintiffs condition or a new condition alleged to have arisen subsequent to the last IME. *See Wilczynski v. Lackwanna County Multi-Purpose Stadium Authority*, 1999 WL 1442426, at 343-344; *Driscoll v. Walker*, 2001 WL 34644560, at 320; *Lodolce v. Township of Roaring Brook*, 99 Lacka. Jur. 54, 57 (1998).

Furthermore, Pa. R.C.P 4010(a)(3) mandates notice to all parties of such an examination and such notice "shall specify the time, place manner, conditions and scope of the examination and the person or persons by whom it is to be made." Pa. R.C.P. 4010(a)(3). Further, such an order can only be made "on motion for good cause shown and upon notice to the person to be examined." *Id.*; *See also John M. v. Paula T.*, 571 A.2d 1380, at 1383 (Pa. 1990); *Uhl v. C.H. Shoemaker & Son. Inc.*, 637 A.2d 1358, 1360

(Pa. Super. 1994). The good cause requirement is intended to ensure that a plaintiffs privacy is not unduly invaded. *Uhl*, 637 A.2d at 1360. "The determination of whether the requisite good cause exists is left to the sound discretion of the trial court and this discretion may not be reversed on appeal unless it is manifestly unreasonable and/or an abuse of discretion." *Wilczynski*, 1999 WL 1442426, at 340-341.

In our case, there is no good cause shown for the need for a second IME. There is no allegation made that there has been amendments or new allegations by plaintiff that show a substantial change in plaintiff's condition nor a new condition occurring subsequent to the last IME. Neither is there any allegation of plaintiff's concealment an injury. Without those new conditions there exists no good cause shown by defendant for "a second bite of the apple" for the mere purpose of enhancing their expert's last IME report.

Second, this court cannot countenance the defendants' attempt to circumvent Pa. R.C.P. 4010 by their attempt to force upon the plaintiff a three (3) hour examination of plaintiff to be conducted without complete notice to plaintiff and also without plaintiff being notified as to who will be conducting the examination on behalf of the examining physician or defendant. Pa. R.C.P. 4010(a)(3) clearly requires that notice to plaintiff and to all parties "shall specify the time, place, *manner*, *conditions* and *scope* of the examination and *the person or persons by whom it is to be made*." Pa. R.C.P. 4010(a)(3) (emphasis added).

In sum, the examining Doctor, Dr. Fischbein, indicates that he can do an accurate exam, he simply seeks to make

it more accurate. That makes for a dubious claim for good cause. Putting that aside, however, there is nothing in the rules of discovery which compel a plaintiff to submit to testing unrelated to treatment as part of defendant's IME. Finally, discovery by ambush can never be allowed nor countenanced by the court nor the discovery rules. The proposed additional tests were not noticed by defendant nor disclosed to plaintiff until the day of the exam. Dr. Fischbein does not perform the additional tests himself and the tester's identity was not noticed to plaintiff, and finally the proposed additional tests are not medically necessary. This analysis places defendants in substantive violation of Pa. R.C.P.4010(a)(3) which compels that plaintiff receive notice of the manner, scope and person or persons conducting the exam. Here, plaintiff had no prior notice of the additional tests nor of the new additional person conducting the tests on behalf of Dr. Fischbein. For those two flagrant violations of Pa. R.C.P. 4010(a)(3) alone, we would deny defendants' requested appeal of the STM's discovery order at issue. An appropriate order follows.

## ORDER

And now, this 10th day of February 2015, upon consideration of the motions, responsive pleadings and briefs and the able verbal and written arguments of counsel for the parties regarding defendants' appeal of the August 21, 2014 order of special trial master denying defendants' motion to compel continued medical examination of plaintiff, it is hereby ordered and decreed that defendants' appeal of the special trial master's discovery order of August 21, 2014 is dismissed both on substance as well as for being untimely pursuant to Lacka.Co. R.C.P. 4000.1(b).