MINORA, J.,
INTRODUCTION
Before the court is defendant Philadelphia Indemnity Insurance Company’s (hereinafter “defendant”) de novo appeal of Special Trial Master (STM) for discovery, attorney Henry P. Burke’s order dated November 24, 2014. STM Burke entered an order denying defendant’s motion to compel plaintiffs Scranton Cultural Center at the Masonic Temple and OneBeacon America Insurance Company (hereinafter “plaintiffs”) to produce certain documents withheld as privileged. In that order, STM Burke refused to compel plaintiff to produce various documents that were designated on its privilege log. For the reasons that follow, defendant Philadelphia’s de novo appeal of the STM’s order is denied.
I. FACTUAL AND PROCEDURAL HISTORY
This case arises out of a request for declaratory relief *396 and contractual indemnity claim of plaintiffs against defendant as insurer for non-party the Jewish Community Center (hereinafter “JCC”). On August 25, 2009, plaintiff Scranton Cultural Center and the JCC entered into contract that permitted the JCC to hold its 100th anniversary celebration at plaintiff Scranton Cultural Center’s Masonic Temple as a licensee. For the event, the JCC hired S&B Catering for catering purposes. Prior to the event, an employee of S&B Catering, Patrick Barrett, fell down an elevator shaft at the Masonic Temple. Mr. Barrett filed a Civil Action Complaint asserting negligence claims against plaintiff Scranton Cultural Center and an employee seeking compensatory damages for alleged personal injuries.
On July 24, 2012, plaintiffs commenced the current action via complaint asserting claims against defendant for breach of contract and bad faith. Plaintiffs also requested a declaratory judgment that defendant owes them indemnification and/or coverage under the terms of a commercial general liability insurance policy issued to the JCC. On October 9, 2013, plaintiffs filed an amended complaint in the matter.
On December 26, 2013, plaintiffs filed a motion to compel defendant’s response to plaintiffs’ request for production of documents. STM Burke entered an order granting plaintiffs motion to compel, requiring defendant to provide a response within twenty-one (21) days of the date of the order. On January 30, 2014, defendant filed a motion to strike plaintiffs’ amended complaint for failure to join an indispensable party and for lack of subject matter jurisdiction. On March 25, 2014, the Honorable Richard Saxton, S.J. entered an order denying said motion.
*397 On May 14,2014, defendant filed a motion for leave to file an amended answer with new matter and counterclaim, and the Honorable Judge Robert Mazzoni entered a rule to show cause upon all parties. On June 26, 2014, the Honorable Judge Richard Saxton, S.J. entered an order denying defendant’s motion to amend.
During the course of discovery, defendant served interrogatories and request for production of documents upon plaintiffs. The plaintiffs objected to certain categories of the documents, asserting attomey/client privilege, documents prepared in anticipation of litigation by or for plaintiff OneBeacon Insurance, and documents that purportedly contained the mental impressions, conclusions and/or opinions or legal theories of an attorney or other representative with respect to the value or merit of a claim or defense.
On November 24, 2014, STM Burke entered an order denying defendant’s motion to compel plaintiff to produce certain documents withheld as privileged. On December 2, 2014, defendant Philadelphia filed the current de novo appeal of the November 24,2014 order of STM Burke. On January 6,2015, plaintiffs filed their brief in opposition to defendant Philadelphia’s motion to compel production of documents identified as privileged by the plaintiffs.
II. LEGAL ARGUMENTS OF THE PARTIES
I. Defendant’s Argument
Defendant argues in their caption that “The documents sought in discovery are governed by subject matter waiver of the attorney-client privilege and of the plaintiffs’ Mental Impressions of the Instant Litigation.” See defendant Philadelphia Indemnity Insurance Company’s *398 brief in support of its de novo appeal of the Special Trial Master’s Ruling, at 4. Specifically, defendant argues “[t]he documents produced by the [pjlaintiff in discovery that relate to its communication with its counsel, Gary Nau, Esq. waive any privileges asserted by [pjlaintiff as to the documents requested. Id. Defendant further argues “[ajs [pjlaintiff has disclosed its attorney-client communications relative to the propriety and viability of this instant lawsuit and has also disclosed its mental impressions regarding the same, [pjlaintiff OneBeacon Insurance should be required to produce those documents that it has withheld and has asserted a privilege. Id.
II. Plaintiffs’ Argument
Plaintiffs first argue that defendant’s motion to compel should be denied because the appeal from STM Burke’s order was untimely as defendant did not appeal STM Burke’s decision until fourteen (14) days after the entry of the order. See plaintiffs’ brief in opposition to defendant Philadelphia Indemnity Insurance Company’s motion to compel production of documents identified as privileged by plaintiff, at 4. Next, plaintiffs argue that the documents that defendant relies on in support of its motion to compel constitute, at most, inadvertent disclosures. Id., at 6. In their third argument, plaintiffs contend that the OneBeacon Case conference form that contains a hearsay statement regarding the purported opinion of attorney Gary Nau does not waive the attomey/client privilege because the document is not covered by the privilege and, even if the document were privileged, its inadvertent disclosure does not waive the privilege under the circumstances of this case. Id., at 8. Next, plaintiffs argue that the inadvertent production of the email between two OneBeacon claim *399 adjusters does not waive any privilege, to the extent that such communication is even privileged in the first place. Id., at 13. Lastly, plaintiffs argue that the email from Erin Verdi to a member of the OneBeacon underwriting team does not waive any protection with respect to the underwriting file of OneBeacon in this matter. Id., at 14.
DISCUSSION
Lacka.Co.R.C.P. 4000.1 provides in relevant part:
(b) An order of the Special Trial Master may be appealed de novo by presentation of an appeal motion to the designated motions court judge in accordance with Lacka.Co.R.C.P. 206.4(c), together with proof of payment to the clerk of judicial records of an appeal cost in an amount to be set by the court from time to time. The appeal motion shall be filed within ten days of the order of the Special Trial Master and shall be considered by the court pursuant to Lacka. Co. R.C.P. 4000.
See Lacka.Co.R.C.P. 4000.1(b). Timeliness of an appeal is a jurisdictional question, regardless of whether it is an appeal to an appellate court or a de novo appeal in common pleas court. Lee v. Guerin, 735 A.2d 1280, 1281 (Pa. Super. 1999). “Where a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace.” Id.
STM Burke issued the order denying defendants’ motion to compel to produce certain documents on November 24, 2014. See stipulation of counsel, at 1. Defendants filed with the court its de novo appeal on December 2, 2014, eight (8) days after STM Burke’s order. Id. Lacka. Co.R.C.P. 4000.1(b) requires a party’s appeal motion to *400 be filed within ten (10) days of the STM’s order. In their brief, plaintiffs argue “[defendant] presented its appeal of discovery master Burke’s order to this honorable court on December 8, 2014, fourteen [(14)] days after the date of the order.” See plaintiffs’ brief in opposition to defendant Philadelphia Indemnity Insurance Company’s motion to compel production of documents identified as privileged by plaintiff, at 5. However, the record reflects that defendant filed the current de novo appeal on December 2, 2014, eight (8) days after STM Burke issued his order. Under Lacka.Co.R.C.P. 4000.1(b), defendant’s appeal is timely and plaintiffs’ argument must fail because it was filed within ten (10) days of STM Burke’s order denying defendant’s motion to compel to produce certain documents.
Defendants next argue that the documents sought in discovery are governed by subject matter waiver of the attorney-client privilege and of the plaintiffs’ mental impressions of the instant litigation. See defendant Philadelphia Indemnity Insurance Company’s brief in support of its de novo appeal of the Special Trial Master’s ruling regarding defendant’s motion to compel production of documents identified as privileged by plaintiff, at 5. Specifically, defendant argues that “[t]he documents produced by the [p]laintiff in discovery that relate to its communication with its counsel, Gary Nau, Esq. waive any privileges asserted by [p]laintiff as to the documents requested.” Id. Pa.R.C.P. 4003.1 provides that “a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party.” Pa.R.C.P. 4000.1(a).
*401 “Whether attorney-client privilege protects a particular communication from disclosure is a question of law.” Nationwide Mutual Insurance Company v. Fleming, 924 A.2d 1259, 1263 (Pa. Super. 2007), citing In re Estate of Wood, 818 A.2d 568, 571 (Pa. Super. 2003). “In Pennsylvania, the attorney-client privilege operates in a two-way fashion to protect confidential client-to-attomey or attomey-to-client communications made for the purpose of obtaining or providing professional legal advice.” Custom Designs & Mfg. Co. v. Sherwin-Williams Co., 39 A.3d 372, 376 (Pa. Super. 2012); Gillard v. AIG Ins. Co., 15 A.3d 44, 59 (Pa. 2011). Our judicial code states the following regarding the application of the attorney client privilege: “[i]n a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client.” 42 Pa.C.S.A. § 5928. Four elements must be satisfied in order to successfully invoke the protections of attorney-client privilege:
1) The asserted holder of the privilege is or sought to become a client.
2) The person to whom the communication was made is a member of the bar of a court, or his subordinate.
3) The communication relates to a fact of which the attorney was informed by his client, without the presence of strangers, for the purpose of securing either an opinion of law, legal services or assistance in a legal matter, and not for the purpose of committing a crime or tort.
*402 4) The privilege has been claimed and is not waived by the client.
Nationwide, 924 A.2d at 1264, quoting Commonwealth v. Mzroek, 657 A.2d 997, 998 (Pa. Super. 1995); Custom Designs, 39 A.3d at 376. Therefore, “attorney-client privilege protects from disclosure only those communications made by a client to his or her attorney which are confidential and made in connection with the providing of legal services or advice.” Nationwide, 924 A.2d at 1264 (emphasis added).
Pursuant to 42 Pa.C.S.A. § 5928, counsel cannot testify as to confidential communications unless the client has waived the privilege. Id. There are multiple ways that a client can waive the protection afforded by attorney-client privilege. For purposes of our case, we are going to focus on subject matter waiver of the attorney client privilege. Subject matter waiver refers to the “voluntary disclosure of a communication protected by attorney-client privilege [that] result[s] in waiver of the privilege for all communications pertaining to the same subject matter.” Id., at 1265. “Subject matter waiver of attorney-client privilege is based on considerations of fairness, which preclude a party from disclosing only those privileged materials that support its position, while simultaneously concealing as privileged those materials that are unfavorable to its position.” Id., citing Katz v. AT & T Corp., 191 F.R.D. 433, 439 (E.D. Pa. 2000).
A two-part inquiry is used to resolve disputes over the disclosure of communications for which attorney-client privilege has been asserted. Nationwide, 924 A.2d at 1265. “The first part of the inquiry is whether the attorney-client privilege does indeed apply to a particular *403 communication.” Id. If the court determines that the attorney-client privilege does apply, the court must then “engage in the second part of the inquiry: whether an exception or waiver applies, thereby overcoming the privilege and permitting disclosure.” Id., at 1265-1266.
In the present case, defendant alleges that plaintiffs’ disclosure ofthe Case Conference Sheet/Major Injury Form waives the attorney-client privilege because the document shows that “in-house counsel for [plaintiff] OneBeacon did not believe that the contract [between] the parties at issue would require the [JCC] to indemnify [plaintiff Scranton Cultural Center] for the settlement entered into on behalf of Mr. Barrett.” See defendant Philadelphia Indemnity Insurance Company’s brief in support of its de novo appeal of the Special Trial Master’s Ruling, at 5. Plaintiffs contend that the case conference sheet is not a communication between an attorney and client relating to the provision of legal services, and therefore the document is not a privileged communication and the disclosure of the document cannot waive the attorney-client privilege. See plaintiffs’ brief in opposition to defendant Philadelphia Indemnity Insurance Company’s motion to compel, at 9. After a careful analysis of the case conference sheet/major injury form, we agree with plaintiffs’ contention, for the reasons set forth below.
The case conference sheet is an intra-office memorandum prepared by an unknown employee of plaintiff OneBeacon detailing the description of the loss and liability in the underlying claim. See defendant Philadelphia Indemnity Insurance Company’s brief in support of its de novo appeal of the Special Trial Master’s ruling, at Exhibit B. Defendant relies on two sentences *404 contained in the case conference sheet to support its argument that plaintiffs waived their attorney-client privilege. These sentences state: “defense counsel Gary Nau[1] reviewed the agreement and he advised that the licensed areas were the ballroom and stage and not the elevators. He felt that a tender might not be successful but that it was worth a try and that we might want to consider a dec action if not accepted.” Id. The remainder of the document outlines the policy information and description of the events involved in the insurance claim. Applying the analysis contained in Nationwide, there is no indication that the information contained in the case conference sheet was a communication between client plaintiff OneBeacon and former attorney Gary Nau for the purpose of providing legal services or advice because the author of the document is an unknown employee of plaintiff OneBeacon and not former attorney Gary Nau. Nationwide, 924 A.2d at 1264. Therefore, we accept plaintiffs’ argument and conclude that the case conference sheet/major injury form does not satisfy the requirements for protection under attorney-client privilege. For that reason, we must further conclude that, since this document is not privileged, it cannot form the basis for subject matter waiver of the attorney-client privilege. Id., at 1268.
Furthermore, in the interest of thoroughness, even if the case conference sheet/major injury form were found to be privileged, plaintiffs’ inadvertent disclosure of the document would not waive the attorney-client privilege. There is a five (5) factor balancing test to be considered to determine whether an inadvertent disclosure amounts to *405 waiver of the attorney-client privilege:
(1) the reasonableness of the precautions taken to prevent inadvertent disclosure in view of the extent of the document production; (2) the number of inadvertent disclosures; (3) the extent of the disclosure; (4) any delay and measures taken to rectify the disclosure; and (5) whether the overriding interests of justice would or would not be served by relieving the party of its errors.
Carbis Walker, LLP v. Hill, Barth and King, LLC, 930 A.2d 573, 582 (Pa. Super. 2007), quoting Fidelity & Deposit Co. v. McCulloch, 168 F.R.D. 516, 522 (E.D. Pa 1996).
Applying the Carbis Walker factors to this case, the inadvertent disclosure of the case conference sheet/ major injury form would not waive plaintiffs’ attorney-client privilege even if the document was privileged. First, with respect to the first prong of the test, in their brief plaintiffs indicate that they “conducted a thorough review of ... over three-thousand pages of documents” and “[a]s part of that thorough review, plaintiffs redacted information to guard against inadvertent disclosure.” See plaintiffs’ brief in opposition to defendant Philadelphia Indemnity Insurance Company’s motion to compel, at 10-11. Plaintiffs also prepared an extensive privilege log for the purpose of safeguarding against privileged documents being disclosed. Id., at 11; See also defendant Philadelphia Indemnity Insurance Company’s brief in support of its de novo appeal of the Special Trial Master’s ruling, at Exhibit A. Second, with respect to the second and third prongs, defendant is relying on two sentences in the case conference sheet to support its argument that there was a waiver of the attorney-client privilege. In their brief, plaintiffs indicate that they produced over three-thousand *406 pages of documents. See plaintiffs’ brief in opposition to defendant Philadelphia Indemnity Insurance Company’s motion to compel, at 11. Given this information, one document containing two sentences would amount to a very minor inadvertent disclosure. These facts clearly weigh in plaintiffs’ favor.
The fourth factor is any delay and measures taken to rectify the disclosure. Carbis Walker, 930 A.2d at 582. Plaintiffs sent a letter to defense counsel less than forty-eight (48) hours after receiving notice of the alleged disclosure. See plaintiffs’ brief in opposition to defendant Philadelphia Indemnity Insurance Company’s motion to compel, at 11, Exhibit A. In this letter, plaintiffs’ counsel stated “[hjaving received notice of the inadvertent disclosure...we are respectfully requesting that you return this document as soon as possible.” Id., at Exhibit A. Plaintiffs ’ counsel further explained that once the document was returned, he would be more than happy to produce a redacted copy of the case conference sheet. Id. Lastly, with regard to the fifth and final factor, Pennsylvania courts have held that “[t]he attorney-client privilege exists to foster a confidence between attorney and client that will lead to a trusting and open dialogue.” Carbis Walker, 930 A.2d at 578; Custom Design, 39 A.3d at 376; Nationwide, 924 A.2d at 1263; Gocial v. Independence Blue Cross, 827 A.2d 1216, 1222 (Pa. Super. 2003). To find that plaintiffs waived their privilege over two sentences contained in one document among over three-thousand pages of documents would not serve the interests of justice. For the reasons discussed above, we find that the Carbis Walker analysis weighs in the plaintiffs’ favor.
In its motion to compel, defendant contends that *407 the inadvertent disclosure by plaintiffs of an e-mail between Mammon Kahn to Thomas Conlon, both plaintiff OneBeacon claim adjusters, renders the requested documents discoverable because it “contains the mental impressions of representatives of [plaintiff] OneBeacon with regard to the viability/propriety of the instant litigation.” See defendant Philadelphia Indemnity Insurance Company’s motion to compel, at 5, Exhibit C. Defendant further contends that an e-mail from Erin G. Verdi, identified as plaintiff OneBeacon’s claims examiner, renders the requested information discoverable because it “may reveal inspections of the areas which are the subject matter of the instant litigation, which may lead to the discovery of admissible evidence at trial.” Id., at 7. Defendant fails to neither cite to any legal authority in support of these arguments nor develop these arguments in its attached brief. Plaintiff argues that defendant has not proffered any legal authority to support these arguments. See plaintiffs’ brief in opposition to defendant Philadelphia Indemnity Insurance Company’s motion to compel, at 13-15. Therefore, we agree with plaintiffs and find that these unsupported legal arguments lack merit.
CONCLUSION
In sum, defendant’s contention that plaintiffs’ inadvertent disclosure of the case conference sheet/ major injury form constitutes as a subject matter waiver of plaintiffs’ attorney client privilege fails. Before determining whether there was a subject matter waiver, the document that is inadvertently disclosed must first satisfy the requirements for protection under attorney-client privilege. Here, the case conference sheet/major injury form is not a privileged communication pursuant *408 to the analysis contained in Nationwide because it is not a communication between client plaintiff OneBeacon and fonner attorney Gary Nau for the purpose of providing legal services or advice. Nationwide, 924 A.2d at 1264. Rather, the document is an intra-office memorandum outlining the facts and circumstances of the underlying insurance claim. Therefore, the disclosure of the case conference sheet/major injury form cannot qualify as a subject matter waiver of the attorney-client privilege and defendant’s de novo appeal of STM Burke’s August 21, 2014 order is denied. An appropriate order follows.
ORDER
And now, this 13th day of April 2015, upon consideration of the motions, responsive pleadings and briefs and the able verbal and written arguments of counsel for the parties regarding defendants’ de novo appeal of the November 24, 2014 order of special trial master denying defendants’ motion to compel plaintiffs to produce certain documents withheld as privileged, it is hereby ordered and decreed that defendants’ de novo appeal of the special trial master’s discovery order of November 24,2014 is denied.

. Gary Nau is the attorney who formerly served as in-house counsel for plaintiff OneBeacon.