**STIVERS TEMPORARY
PERSONNEL, INC.,**
Appellee

v.

**Donald BROWN, Esquire, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 23, 2001.
Filed Dec. 28, 2001.

Donald Brown, Bala Cynwyd, for appellant.

Erica L. Bazzell, Lansdowne, for appellee.

BEFORE: JOHNSON, TODD, and KELLY, JJ.

KELLY, J.:

¶ 1 In this appeal we must decide whether the trial court had jurisdiction to review Appellant's petition to vacate a compulsory arbitration award filed 58 days after the prothonotary entered the arbitration award on the docket. We hold that under the Pennsylvania Rules of Civil Procedure, a party challenging a compulsory arbitration award must file an appeal for a trial *de novo*. We further hold that a compulsory arbitration award becomes final and appealable after the arbitrators forward the award to the prothonotary and the award is entered on the docket pursuant to 42 Pa.C.S.A. § 7361(d). Accordingly, we affirm the trial court's order striking Appellant's petition at this time with prejudice.

¶ 2 The relevant facts and procedural history of this appeal are as follows. Appellant is an attorney. In 1997, he contracted with Appellee, a temporary personnel agency, to provide him with secretarial services. Appellee billed Appellant $22,754.05 for the services provided by its laborers. However, Appellant paid only $15,618.77 for the services. Appellant refused to pay the remaining $7,135.28 because, as he later alleged, the quality of the work provided was not as guaranteed.

¶ 3 On January 30, 1998, Appellee filed a complaint seeking the unpaid balance on Appellant's account ($7,135.28). On May 27, 1998, Appellee filed an amended complaint to which Appellant filed an answer asserting new matter and a counter-claim. Appellant's counter claim alleged that the incompetence of Appellee's laborers caused him damages in excess of $20,000.00.

¶ 4 The court scheduled a compulsory arbitration hearing for November 20, 2000. Appellant alleges that on the day of the hearing, he and Appellee were sent to the wrong room to await the arbitrators. Appellee's counsel alleges that when she checked in at the courthouse administrative office, she was sent to the room in which the arbitration panel was seated. Appellee's counsel further alleges that after the entire panel arrived, counsel went to the court administration office to determine the whereabouts of Appellant, who had not yet checked in. Appellee's counsel avers that upon her return, the arbitration panel reviewed her pleadings and exhibits. The panel found for Appellee in the amount of $8,526.66 and ruled against Appellant on his counter-claim. The prothonotary entered the award on the docket on November 21, 2000, and sent the required notice to the parties, pursuant to Pa.R.C.P. 1307, on the same day.

¶ 5 Rather than file an appeal for a trial *de novo*, Appellant chose to file a "Petition to Vacate Award of Arbitrators for [Appellee] in Civil Action No. 98–00824 and to

Enter Judgment in Favor of [Appellant]." Appellant filed this petition on January 18, 2001. On February 23, 2001, the trial court struck Appellant's petition without prejudice. Appellant filed this appeal in due course on March 22, 2001.

¶ 6 Appellant raises the following issue on appeal:

DID THE [TRIAL] COURT ERR IN REFUSING TO VACATE AN ARBITRATION AWARD ENTERED IN FAVOR OF THE [APPELLEE], DESPITE THE FAILURE OF THE [APPELLEE] TO APPEAR AT THE ARBITRATION HEARING, IN VIOLATION OF PA.R.[C.]P. 1304(A)?

(Appellant's Brief at 2).

■ ¶ 7 As a prefatory matter, the trial court stated that its order struck Appellant's petition "without prejudice." On page two of the Trial Court Opinion, dated April 27, 2001, the trial court also noted "[t]o date, neither party has filled a *Praecipe* requesting the entry of judgment." The trial court suggests that Appellant's appeal is, therefore, interlocutory. We respectfully disagree.

■ ¶ 8 "The appealability of an order is a question of jurisdiction and may be raised *sua sponte*." *Bolmgren v. State Farm Fire and Cas. Co.*, 758 A.2d 689, 690 (Pa.Super.2000). It is well settled that an appeal may be taken from a final order of the trial court. *Techtmann v. Howie*, 720 A.2d 143 (Pa.Super.1998). "An order is final, and not interlocutory, if it prevents a party from presenting the merits of its claim in the trial court." *Noll by Noll v. Harrisburgh Area YMCA*, 537 Pa. 274, 279, 643 A.2d 81, 83 (1994).

¶ 9 Additionally, Section 7361 of Subchapter C, Judicial Arbitration governs compulsory arbitration. Subsection (d) provides:

(d) **Appeal for a trial *de novo*.** Any party to a matter shall have the right to appeal for a trial *de novo* in the court. The party who takes the appeal shall pay such amount or proportion of fees and costs and shall comply with such other procedures as shall be prescribed by general rules. **In the absence of appeal the judgment entered on the award of arbitrators shall be enforced as any other judgment of court.** For purposes of this section and section 5571 (relating to appeals generally) an award of arbitrators constitutes an order of a tribunal.

42 Pa.C.S.A. § 7361(d) (emphasis added).

¶ 10 In the instant case, the arbitrators forwarded the compulsory arbitration award to the Prothonotary's office, which entered the award on the docket on November 21, 2000. Upon entry of the compulsory arbitration award on the docket and appropriate notice, the award took the force and effect of a final judgment. *See id.* This procedure differs substantially from statutory or common law arbitration, which provides that a party must petition the trial court to confirm an award thirty days or more following the date of the award. *See* 42 Pa.C.S.A. §§ 7313, 7342(b). As this case involves a compulsory arbitration award, neither party was required to *praecipe* the prothonotary to enter judgment on the award. *See* 42 Pa.C.S.A. § 7361(d).

■ ¶ 11 Moreover, under the applicable rules, Appellant's only recourse to challenge the compulsory arbitration award was to file for a trial *de novo* with the Court of Common Pleas within 30 days. *See Lough v. Spring*, 383 Pa.Super. 85, 556 A.2d 441 (1989) (stating sole avenue to challenge compulsory arbitration award is to file appeal for trial *de novo* ). Instead, Appellant chose to file a "Petition to Vacate Award of Arbitrators for [Appellee] in

Civil Action No. 98–00824 and to Enter Judgment in Favor of [Appellant]." Appellant did not file his petition until January 18, 2001, more than 30 days after the award was entered on the docket. Based upon the following rationale, we conclude that the trial court could not have taken any further action regarding Appellant's petition. Therefore, we shall deem the court's order striking Appellant's petition as a final and appealable order, although the order states "without prejudice," as the court's order prevents Appellant from presenting the merits of his claim in the trial court. *See Noll, supra.*

■ ¶ 12 We now turn our attention to whether the trial court had jurisdiction to review Appellant's petition to vacate the arbitration award filed 58 days after the prothonotary entered the arbitration award on the docket and sent the required notice. On this issue, Appellant argues that under Pa.R.C.P. 1304(a), the arbitrators were required to enter an award in his favor when Appellee failed to appear at arbitration. Appellant also asserts that under Pa.R.C.P. 1307(d), a trial court may mold an award when the record discloses obvious errors in either the mathematics or language of the award. Appellant contends that the arbitrators clearly disregarded Rule 1304(a) when they found for Appellee, and maintains that such a patent error allows the trial court to mold the award in favor of Appellant. Appellant concedes that the proper method to attack a compulsory arbitration award is to file an appeal to the court of common pleas for a trial *de novo*, under Pa.R.C.P. 1308. However, Appellant chose not to follow this procedure because a trial *de novo* would have afforded Appellee an opportunity to present evidence; an opportunity Appellant avers Appellee waived when it "failed to appear" at the arbitration hearing. Finally, Appellant alleges that under *Wilk v.*

*Girard Bank,* 342 Pa.Super. 488, 493 A.2d 695 (1985), his failure to file an appeal for a trial *de novo* should be excused in the interests of justice. Appellant concludes that the trial court should hear his petition. We disagree.

¶ 13 In compulsory arbitration, once an award is issued, it is sent to the prothonotary for entry on the docket and publication to the parties. Pa.R.C.P. 1306; 1307; 1308(a); 42 Pa.C.S.A. § 7361(d) (stating "In the absence of appeal the judgment entered on the award of the arbitrators shall be enforced as any other judgment of the court."). Here, the arbitrators forwarded the award to the prothonotary on November 20, 2000, for entry on the docket, and the prothonotary notified the parties of the award on the same day. *See* Pa R.C.P. 1307.

■ ¶ 14 Once entered, a compulsory arbitration award may only be challenged by a timely appeal to the Court of Common Pleas for a trial *de novo*. Pa.R.C.P. 1308(a); 42 Pa.C.S.A. § 7361(d). Pennsylvania Rule of Civil Procedure 1308(a) provides in pertinent part:

(a) An appeal from an [arbitration] award **shall** be taken by

(1) filing a notice of appeal in the form provided by Rule 1313 with the prothonotary of the court in which the action is pending not later than thirty days after the day on which the prothonotary makes the notation on the docket that notice of the entry of the arbitration award has been provided as required by rule 1307(a)(3)

Pa.R.C.P. 1308(a). This Court has stated:

The procedure for taking an appeal from a compulsory arbitration award is clear. A party to a compulsory arbitration may take an appeal from the award by seeking a trial *de novo* in the Court of Common Pleas. 42 Pa.Cons.Stat.Ann.

§ 7361(d). Rule of Civil Procedure 1308(a) provides that an appeal from an arbitration award must be taken "not later than thirty days after the entry of the award on the docket...." The Explanatory Note to Pa.R.C.P. 1307 states:

> These Rules contemplate that the board will disperse after rendering the award, not to reconvene and not to hear any motions or applications to amend modify or change the award. If any party is dissatisfied with any aspect of the award, **the sole remedy is an appeal for a trial *de novo*.** (emphasis added)

The rules provide only one exception to this procedure. Subsection (d) of Rule 1307 provides that the court of common pleas may mold an award where the record discloses obvious errors in either the mathematics or language of the award. **The court's power to mold is specifically limited to correction of such patent errors** and is the same as the power of a trial court to mold a jury verdict. Pa.R.C.P. 1307(d). **The rule is aimed at the corrections of formal errors that do not go to the substance and merits of the award.** *Albert v. Denito,* 336 Pa.Super. 284, 485 A.2d 806 (1984).

*Lough, supra* at 442–43 (footnote omitted) (emphasis added). Additionally,

> Timeliness of an appeal, whether it is an appeal to an appellate court or a *de novo* appeal in common pleas court, is a jurisdictional question. Where a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace.

*Lee v. Guerin,* 735 A.2d 1280, 1281 (Pa.Super.1999), *appeal denied,* 561 Pa. 659, 747 A.2d 901 (1999).

¶ 15% In *Wilk,* the Court permitted a *nunc pro tunc* appeal for a trial *de novo* from an arbitration award. However, the *Wilk* case is readily distinguishable from the matter at issue. The appellant in *Wilk* relied on the assertion of a court employee that a letter sent within the thirty-day appeal period was sufficient to protect his appeal rights. Confining its holding to the facts of that case and warning that the opinion should not be construed as condoning noncompliance with the rules governing compulsory arbitration, the court treated the appellant's late petition as an appeal *nunc pro tunc,* affirmed the trial court's order opening the judgment entered on the arbitration award, and remanded the matter for a trial *de novo.*

■ ¶ 16% In the instant case, Appellant did not petition the trial court to reinstate his appeal rights *nunc pro tunc.* Further, Appellant has not alleged any breakdown in court operations or other unusual circumstances that would entitle him to such relief. Thus, Appellant's case is distinguishable from the facts in *Wilk, supra,* and he is not entitled to the equitable suspension of the compulsory arbitration rules afforded the appellant in the *Wilk* case. Appellant's reliance on *Wilk* is misplaced.

■ ¶ 17 Moreover, Appellant has not asked the court to correct a typographical or mathematical error in the arbitration award. *See Lough, supra.* To the contrary, Appellant has asked the trial court to vacate the award completely, and enter judgment in his favor. Such relief is not considered "molding" the award and is, therefore, not the type of relief available under Pa.R.C.P. 1307. *See id.;* Pa.R.C.P. 1307.

¶ 18 Most importantly, Appellant did not file an appeal for a trial *de novo* within the thirty-day appeal period prescribed by Pa. R.C.P. 1308(a). *See Lee, supra;* Pa.R.C.P. 1308(a). Consequently, the trial court lacked jurisdiction, *ab initio,* to consider

Appellant's petition to vacate the compulsory arbitration award.

¶ 19 Based upon the foregoing, we hold that the court properly struck Appellant's petition, because Appellant did not file a timely appeal for a trial *de novo*.  *Id.* Accordingly, we affirm the trial court's order at this time **with prejudice.**

¶ 20 Order affirmed.