J-A31031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KATHY CUNLIFFE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| LISA CREEDON | |
| Appellant | No. 1169 EDA 2016 |

Appeal from the Order Entered March 2, 2016
in the Court of Common Pleas of Philadelphia County Civil Division
at No(s): 00186, April Term, 2005

BEFORE: BENDER, P.J.E., MOULTON , J., and FITZGERALD, J.[*]

MEMORANDUM BY FITZGERALD, J.:          **FILED DECEMBER 29, 2016**

Appellant, Lisa Creedon, appeals from the order entered in the Philadelphia County Court of Common Pleas denying her petition to strike judgment. Appellant contends the trial court erred in holding that the only remedy from an arbitration award was an appeal *de novo*. We affirm.

We adopt the trial court's recitation of the facts and procedural history of this case.

> On April 4, 2005 [Appellee, Kathy] Cunliffe instituted suit against Defendant[] Daimler Chrysler Corporation and [Appellant], for injuries arising from a motor vehicle accident occurring on April 5, 2003. An arbitration hearing[1] was scheduled for November 23, 2005. At the

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellee's complaint sought damages "in an amount not in excess of Fifty Thousand ($50,000.00) Dollars, exclusive of interests and costs." R.R. at 19a. Thus, this was a compulsory arbitration pursuant to 42 Pa.C.S. § 7361(a). The statute provides as follows:

arbitration hearing, [Appellant] was not present, and the panel entered an award "in favor of Defendant Daimlier Chrysler Corporation by stipulation and against [Appellant] in the amount of $35,000.00."[2]

On October 11, 2012, [Appellee] filed a petition to Conform and Mold Arbitration Award. On November 7, 2012, the [c]ourt entered an Order molding, conforming,

---

**(a) General rule.**—Except as provided in subsection (b), when prescribed by general rule or rule of court such civil matters or issues therein as shall be specified by rule shall first be submitted to and heard by a board of three members of the bar of the court.

**(b) Limitations.**—No matter shall be referred under subsection (a):

(1) which involves title to real property; or

(2) where the amount in controversy, exclusive of interest and costs, exceeds $50,000.

42 Pa.C.S. § 7361(a), (b). For the parties' convenience, we refer to the reproduced record where applicable.

[2] In the instant case, the award of the arbitrators and notice pursuant to Pa.R.C.P. 1307 was entered on the docket on November 23, 2005. *See* R.R. at 4a. In *Stivers Temp. Pers., Inc. v. Brown*, 789 A.2d 292 (Pa. Super. 2001), this Court noted:

Upon entry of the compulsory arbitration award on the docket and appropriate notice, the award took the force and effect of a final judgment. This procedure differs substantially from statutory or common law arbitration, which provides that a party must petition the trial court to confirm an award thirty days or more following the date of the award. *See* 42 Pa.C.S.A. §§ 7313, 7342(b). As this case involves a compulsory arbitration award, neither party was required to praecipe the prothonotary to enter judgment on the award. *See* 42 Pa.C.S.A. § 7361(d).

*Id.* at 294.

and correcting the Arbitration Award to read: "We find in favor of [Appellee] and against [Appellant] in the amount of $35,000.00. We find in favor of Defendant Daimler Chrysler by stipulation on [Appellee's] cause of action." On August 27, 2015, [Appellee] filed a Praecipe for Judgment directing the Prothonotary to enter judgment and assess damages on the Arbitration Award as "$35,000.00 with interest from November 23, 2005."

On January 18, 2016, [Appellant] filed a Petition to Strike Judgment, to which [Appellee] filed an opposition on February 8, 2016. On March 3, 2016, this [c]ourt denied the Petition. On March 14, 2016, [Appellant] filed a Motion for Reconsideration, which this [c]ourt denied on March 16, 2016. On April 1, 2016, [Appellant] filed a Notice of Appeal to the Superior Court.[3]

Trial Ct. Op., 6/13/16, at 1-2.

Appellant raises the following issue for our review: "Whether the trial court erred when it refused to consider the numerous errors demonstrated in the record of the case resulting in a void or voidable judgment when it held that the only remedy from an arbitration award was an appeal *de novo*?" Appellant's Brief at 4.

As a prefatory matter, we consider whether the trial court had jurisdiction to consider Appellant's petition to strike. In **Stivers**, this court addressed the issue of "whether the trial court had jurisdiction to review [the a]ppellant's petition to vacate the arbitration award filed 58 days after the prothonotary entered the arbitration award on the docket and sent the required notice." **Stivers**, 789 A.2d at 295. This Court opined:

---

[3] Appellant was not ordered to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

In compulsory arbitration, once an award is issued, it is sent to the prothonotary for entry on the docket and publication to the parties. Pa.R.C.P. 1306; 1307; 1308(a); 42 Pa.C.S.A. § 7361(d) (stating "In the absence of appeal the judgment entered on the award of the arbitrators shall be enforced as any other judgment of the court."). Here, the arbitrators forwarded the award to the prothonotary on November 20, 2000, for entry on the docket, and the prothonotary notified the parties of the award on the same day. *See* Pa R.C.P. 1307.

Once entered, a compulsory arbitration award may only be challenged by a timely appeal to the Court of Common Pleas for a trial *de novo*. Pa.R.C.P. 1308(a); 42 Pa.C.S.A. § 7361(d). Pennsylvania Rule of Civil Procedure 1308(a) provides in pertinent part:

(a) An appeal from an [arbitration] award **shall** be taken by

(1) filing a notice of appeal in the form provided by Rule 1313 with the prothonotary of the court in which the action is pending not later than thirty days after the day on which the prothonotary makes the notation on the docket that notice of the entry of the arbitration award has been provided as required by rule 1307(a)(3)

Pa.R.C.P. 1308(a). This Court has stated:

The procedure for taking an appeal from a compulsory arbitration award is clear. A party to a compulsory arbitration may take an appeal from the award by seeking a trial *de novo* in the Court of Common Pleas. 42 Pa.[C.S.] § 7361(d). Rule of Civil Procedure 1308(a) provides that **an appeal from an arbitration award must be taken "not later than thirty days after the entry of the award on the docket**. . . ." The Explanatory Note to Pa.R.C.P. 1307 states:

These Rules contemplate that the board will disperse after rendering the award, not to reconvene and not to hear any motions or

- 4 -

> applications to amend modify or change the award. If any party is dissatisfied with any aspect of the award, **the sole remedy is an appeal for a trial *de novo*.** (emphasis added)
>
> **The rules provide only one exception to this procedure.** Subsection (d) of Rule 1307 provides that the court of common pleas may mold an award where the record discloses obvious errors in either the mathematics or language of the award. **The court's power to mold is specifically limited to correction of such patent errors** and is the same as the power of a trial court to mold a jury verdict. Pa.R.C.P. 1307(d). **The rule is aimed at the corrections of formal errors that do not go to the substance and merits of the award.**

*Lough* [*v. Spring*, 556 A.2d 441, 442-43 (Pa. Super. 1989)], (footnote omitted) (emphasis added). Additionally,

> Timeliness of an appeal, whether it is an appeal to an appellate court or a *de novo* appeal in common pleas court, is a jurisdictional question. Where a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace.

*Lee v. Guerin*, 735 A.2d 1280, 1281 (Pa. Super. 1999) [ ].

> \* \* \*

> [The a]ppellant did not file an appeal for a trial *de novo* within the thirty-day appeal period prescribed by Pa.R.C.P. 1308(a). **See Lee**, **supra**; Pa.R.C.P. 1308(a). Consequently, the trial court lacked jurisdiction, *ab initio*, to consider Appellant's petition to vacate the compulsory arbitration award.

*Stivers*, 789 A.2d at 295–97 (some emphases added and some citations omitted).

In the case *sub judice*, the trial court opined: "In the instant matter, regardless of the potential merits of [Appellant's] Petition to Strike Judgment, the sole procedure for challenging an Arbitration Award is by an appeal for a trial *de novo* and, as such, this [c]ourt properly denied the Petition to Strike Judgment." Trial Ct. Op. at 2-3. We agree no relief is due.

On November 23, 2005, the arbitrators' award was entered on the docket, and notice was given pursuant to Pa.R.C.P. 1307. **See id.** at 294. Appellant did not perfect an appeal for a trial *de novo* pursuant to Pa.R.C.P. 1308(a); **see also** 42 Pa.C.S. § 7361(d). Appellant's filing of the petition to strike the judgment and underlying award of the arbitrators on January 18, 2016, did not constitute compliance with the procedures applicable to the filing of an appeal from an arbitration award. **See** 42 Pa.C.S. § 7361(d); Pa.R.C.P. 1308(a); **Stivers**, 789 A.2d at 295-97. Therefore, the trial court lacked jurisdiction to consider the petition to strike the award. **See id.** Accordingly, we affirm the order of the trial court.[4]

Order affirmed.

---

[4] We note that we can affirm the trial court for any reason. **In re Estate of Cochran**, 738 A.2d 1029, 1032 (Pa . Super. 1999).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2016