J-A30001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN THOMA AND JENNIFER THOMA, HUSBAND AND WIFE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| INTERSTATE BUILDERS, RANDOLPH D. DAHL, SR., INDIVIDUALLY AND MERCEDES DAHL, INDIVIDUALLY | : | No. 1624 WDA 2017 |
| | : | |
| Appellants | : | |

Appeal from the Order October 3, 2017
In the Court of Common Pleas of Butler County Civil Division at No(s):
E.D.No. 17-30215

BEFORE:   SHOGAN, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY SHOGAN, J.:                **FILED FEBRUARY 21, 2019**

Appellants, Interstate Builders, Randolph D. Dahl, Sr., individually and Mercedes Dahl, individually, purport to appeal from the October 3, 2017 order denying their motion for stay of execution of judgment which was filed by Appellees, John and Jennifer Thoma, husband and wife.  After review, we affirm the order denying Appellants' motion for stay of execution of judgment and remand for the determination of attorneys' fees and costs pursuant to Pa.R.A.P. 2744.

The trial court set forth the relevant facts and procedural history of this matter as follows:

> This case arises out of the underlying claim for damages and ejectment made by Appellees … in their *Complaint in Civil Action*, at Butler County Docket Number 2016-10785. Said claims relate

---

\*   Retired Senior Judge assigned to the Superior Court.

to real estate located at 229-231 Ziegler Avenue, Butler, Butler County, Pennsylvania 16001.

On or about February 23, 2013, the parties entered into a *Real Estate Sales Agreement* for the sale of said real estate. Pursuant to the terms of the *Real Estate Sales Agreement*, the Appellants would pay Appellees Seven Hundred Dollars ($700.00) a month for thirty-six (36) months, with a balloon payment of Sixteen Thousand Seven Hundred Dollars ($16,700.00) due at the expiration of said thirty-six (36) months. During this time, Appellants were also responsible for the taxes, sewer, garbage, and insurance, pursuant to the express language of the *Real Estate Sales Agreement*. Upon the completion of the aforementioned terms and conditions, title to the subject real estate would then be transferred to Appellants.

Upon being served with Appellees' *Complaint in Civil Action*, Appellants filed their *Response to [Appellees'] Complaint in Civil Action* on or about December 19, 2016, wherein they merely replied to Appellees' allegations, but raised no claims of their own. By *Order of Court* under date of January 12, 2017, the matter was scheduled for [Compulsory] Arbitration on March 27, 2017. A review of the docket in the underlying matter at Butler County Docket Number 2016-10785, will show that after the entry of the January 12, 2017, *Order of Court* which scheduled the aforementioned Arbitration, the Appellants engaged in what this Court can only believe to be numerous stall tactics; including an attempt to disqualify Appellees' counsel, a motion to stay the arbitration, and a motion to dismiss the arbitration altogether. During this time, this Court heard repeated arguments related to the underlying matter concerning title to land. However, counsel for the Appellees clearly indicated on numerous occasions, that the Appellees only intended to pursue monetary damages at the Arbitration.

On or about May 8, 2017, the matter was once again listed for an Arbitration hearing on June 19, 2017. On or about May 11, 2017, Appellants requested this Court grant them leave to amend their *Response to [Appellees'] Complaint in Civil Action*, which was granted. It was in this pleading that the Appellants raised a claim for damages in the amount of Thirty-nine Thousand Ninety-Two Dollars and Sixty-Seven Cents ($39,092.67).

- 2 -

The Arbitration proceeded as scheduled, and by the *Award of Arbitrators* under date of June 19, 2017, an award was entered in favor of the Appellees in the amount of Twenty Seven Thousand Six Hundred and Forty Dollars ($27,640.00), and against Appellants, Interstate Builders and Randolph Dahl, Sr., only.

On or about August 2, 2017, Appellants filed a *Notice of Appeal* with respect to the *Award of Arbitrators* under date of June 19, 2017, which, upon motion of the Appellees, was stricken as untimely.

Subsequently, Judgment was entered in the amount of the Arbitrator's Award, i.e., Twenty Seven Thousand Six Hundred and Forty Dollars ($27,640,00), at Butler County Docket Number CP 2017-21567, as per the *Praecipe to Enter Judgment for Arbitrator's Award* as filed by the Appellees on or about August 28, 2017. On the same date, i.e., August 28, 2017, at Butler County Execution Docket Number 2017-30215, Appellees filed a *Praecipe for Writ of Execution* in the amount Twenty Seven Thousand Six Hundred and Forty Dollars ($27,640.00), which was issued in said amount to the Sheriff of Butler County that same date, and in accordance therewith.

On or about September 22, 2017, Appellants filed a *Motion for Stay of Execution of Judgment*, attacking the underlying Award of Arbitrators under date of June 19, 2017. Said *Motion for Stay of Execution of Judgment* was denied by Order of Court under date of October 3, 2017.

Appellants subsequently filed a *Notice of Appeal* on or about October 31, 2017, with respect to the *Order of Court* under date of October 3, 2017, denying Appellants' *Motion for Stay of Execution of Judgment* at the above captioned docket number.

Upon receipt of said *Notice of Appeal*, on or about November 15, 2017, in accordance with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, this Court entered an *Order of Court* wherein the Appellants were directed to file of record and serve upon the undersigned trial judge a Concise Statement of the Matters Complained of on Appeal no later than twenty-one (21) days from the date of the Order of Court.

Trial Court Opinion, 1/17/18, at 1-4. Both the trial court and Appellants complied with Pa.R.A.P. 1925.

On appeal, Appellants raise the following issue for this Court's consideration:

1. Did the lower court abuse its discretion when it refused to stay execution of a judgment against Interstate Builders when it still had outstanding counterclaims about the subject property that may make the judgment moot?

Appellants' Brief at 4.

The grant of a stay of execution is within the sound discretion of the trial court, and its decision will not be disturbed absent a clear abuse of that discretion. *In re Upset Sale, Tax Claim Bureau of Berks County*, 479 A.2d 940, 946 (Pa. 1984). Although Appellants characterize their appeal as a challenge to the order denying their motion to stay execution, we agree with the trial court that Appellants are attempting to collaterally challenge the underlying arbitration award. Trial Court Opinion, 1/17/18, at 4.

Initially, we conclude that the June 19, 2017 award of arbitrators became final once it was entered on the docket and notice was given.[1] *See Stivers Temporary Personnel, Inc. v. Brown*, 789 A.2d 292, 294 (Pa. Super. 2001) ("Once the award in compulsory arbitration is entered on the docket and notice is given, the award has the force and effect of a final

_____

[1] The docket reflects that this award was entered on the docket on June 19, 2017, and notice was given that same day.

- 4 -

judgment."). "As this case involves a compulsory arbitration award, neither party was required to *praecipe* the prothonotary to enter judgment on the award." *Id.* (citing 42 Pa.C.S. § 7361(d)). Accordingly, Appellants were required to file their appeal for a trial *de novo* on or before Wednesday, July 19, 2017. 42 Pa.C.S. § 5571(b). Because Appellants failed to file a timely appeal, they failed to preserve any challenges concerning their counterclaims.[2] Consequently, there are no issues relating to the award of arbitrators or counterclaims that Appellants have preserved on appeal.

The only issue on its surface that may appear to be a viable challenge to the award of arbitrators concerns subject matter jurisdiction. Appellants argue that the arbitrators lacked jurisdiction to hear this case because Appellants' counterclaim exceeded the arbitration limits. Appellants' Brief at 9 n.1.[3] Appellants are correct that when the amount in controversy exceeds the arbitration limits, an arbitration panel is not competent to hear and decide the counterclaim. *Robert Half Intern., Inc. v. Marlton Technologies, Inc.*, 902 A.2d 519, 525 (Pa. Super. 2006). Controversies exceeding the arbitration amounts should be referred to the court of common pleas. *Id.*

_____

[2] Even if we utilized August 28, 2017, the date that Appellees filed the *praecipe* for entry of judgment on the award of arbitrators as the date upon which the appeal period began to run, Appellants still failed to file a timely appeal.

[3] Appellants' assertion that this issue concerned real estate and is, therefore, beyond the purview of the arbitrators pursuant to 42 Pa.C.S. § 7361(b)(1), is meritless. As noted above, Appellees sought only monetary damages. Trial Court Opinion, 1/17/18, at 2.

We are cognizant that issues of subject matter jurisdiction cannot be waived and may be raised at **any stage of a proceeding** by a party, or *sua sponte* by the court or agency. ***Blackwell v. Com., State Ethics Com'n***, 567 A.2d 630, 636 (Pa. 1989) (emphasis added). However, as noted above, Appellants did not file an appeal until after final judgment and the expiration of the appeal period. Accordingly, Appellants' attempt to subvert the competency and validity of the arbitration award by utilizing a specious challenge to the amount in controversy and subject matter jurisdiction is also out of time because final judgment had been entered and the appeal period passed. ***See Grupo Dataflux v. Atlas Global Group, L.P.***, 541 U.S. 567, 571 (2004) (citing ***Capron v. Van Noorden***, 2 Cranch 126, 2 L.Ed. 229 (1804)) (Challenges to subject-matter jurisdiction can be raised at any time **prior to final judgment**). Thus, subject matter jurisdiction cannot be raised after final judgment is entered, and the period in which to challenge that judgment properly has passed; otherwise, no order would ever be final. ***See id.***

For the reasons set forth above, we affirm the trial court's order denying Appellants' motion to stay execution. Appellant's appeal was merely an untimely attack on the arbitration award.

Finally, we note that on November 26, 2018, Appellees filed a motion to quash the appeal. In light of our disposition, we deny the motion to quash as moot. However, Appellees also requested attorneys' fees and damages.

Accordingly, we hereby remand that issue to the trial court for a determination pursuant to Pa.R.A.P. 2744.

Order affirmed. Motion to quash denied, and Appellees' request for attorneys' fees and damages remanded for determination by the trial court. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2019