J-A27023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ALLEN ULRICH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MONROE MUFFLER BRAKE AND | : | No. 1518 EDA 2019 |
| SERVICE ALSO KNOWN AS MONROE | : | |
| MUFFLER BRAKE & SERVICE ALSO | : | |
| KNOWN AS MONRO INC. | : | |

Appeal from the Order Entered April 26, 2019
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2018-C-1914

BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:            **FILED FEBRUARY 19, 2020**

Appellant, Allen Ulrich, appeals *pro se* from the order granting the motion to strike Appellant's appeal from an award of the board of arbitrators filed by Appellee, Monroe Muffler Brake and Service a/k/a Monroe Muffler Brake & Service, a/k/a Monro Inc.  Upon careful review, we affirm.

The trial court summarized the procedural history of this case as follows:

> [Appellee] filed an appeal from the Magisterial District Judge Judgment awarded in favor of [Appellant] in the amount of $12,171.75.  [Appellant] filed a complaint on August 20, 2018, and in response to [Appellee's] preliminary objections, filed a second complaint on September 17, 2018.[1]
>
> [1] The second complaint filed on September 17, 2018 is titled "Complaint".

_____

[*] Retired Senior Judge assigned to the Superior Court.

After the pleadings were closed, this case went to arbitration. On February 6, 2019, the arbitrators found in favor of [Appellee] and against [Appellant] in the amount of zero dollars. The award was filed with the Clerk of Judicial Records - Civil Division on the same day, February 6, 2019. On February 7, 2019, the Clerk of Judicial Records mailed notice of the entry of award as delineated by the [Pa.R.C.P.] 236 Notice filed on February 6, 2019.

On March 12, 2019, [Appellant] filed a Notice of Appeal from Award of Board of Arbitrators demanding a jury trial.[2] It does not appear that [Appellee] was served with the notice of appeal. [Appellant's] appeal generated a case management order scheduling the case for a jury trial on May 28, 2019.

> [2] Additionally, [Appellant] filed a petition to proceed *in forma pauperis*; said petition was granted on March 13, 2019.

On March 21, 2019, [Appellee] filed a Motion to Strike [Appellant's] Appeal from Award of Board of Arbitrators. [Appellant] did not respond to the motion. Argument on the motion was heard on April 23, 2019; [Appellant] was present and counsel for [Appellee] attended. Per order dated April 26, 2019, this court granted [Appellee's] Motion to Strike [Appellant's] Appeal from Award of Board of Arbitrators and the appeal of the arbitration award was stricken with prejudice.

Trial Court Opinion, 6/18/19, at 1-2.

Appellant filed a timely appeal from the order of April 26, 2019. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant has preserved the following issue for our review:

a) The judge states [Appellant] had not responded to [Appellee's] motion to strike said appeal and did so with prejudice.

Point of question: The argument was on the docket to be heard on the 23rd day of April, 2019. It was after this date [Appellee] sent notice claiming appeal was past the 30-day time limit for appeal. The argument was held and [Appellant] explained [Appellee] was incorrect stating the decision was made on the 6th

day of February, 2019. While the arbitration was held on that day, the decision was not reached. It was approximately two weeks later when [Appellant] received the decision from the artibrators.

Appellant's Pa.R.A.P. 1925(b) Statement, 6/7/19, at 1.[1]

The issue before this Court is whether the trial court properly granted Appellee's motion to strike Appellant's appeal to the trial court. Specifically, we must determine whether Appellant perfected a timely appeal from the award of the arbitrators to the trial court.

"In order to perfect an appeal, parties must strictly adhere to the statutory provisions for filing an appeal." *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001). In compulsory arbitration cases, once an award is issued, it is

_____

[1] We note that in his appellate brief, Appellant presented seven "questions to the court." Appellant's Brief at 8. However, we observe that Appellant has failed to include these issues in his concise statement filed pursuant to Pa.R.A.P. 1925(b). Therefore, those seven claims are waived. *See Commonwealth v. Lord*, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998) (holding that if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived). *See also Hartdegen v. Berger*, 839 A.2d 1100, 1104 (Pa. Super. 2003) (applying principles of *Lord* to civil case).

Moreover, we observe that Appellant is proceeding in this appeal without the benefit of legal representation. However, Appellant is not entitled to any particular advantage because he lacks legal training. As the courts of this Commonwealth have explained, any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing. *See Commonwealth v. Rivera*, 685 A.2d 1011, 1013 (Pa. Super. 1996) (observing that *pro se* status does not provide benefit to litigant or compel court to become counsel for a party). Regardless, we will exercise judicial leniency and address the issue Appellant preserved in his Pa.R.A.P. 1925(b) statement.

sent to the prothonotary for entry on the docket and publication to the parties. Pa.R.C.P. 1306; 1307; 1308(a). Once entered, a compulsory arbitration award may be challenged only by a timely appeal to the Court of Common Pleas for a trial *de novo*. Pa.R.C.P. 1308(a); 42 Pa.C.S. § 7361(d).[2]

In **Stivers Temporary Personell, Inc., v. Brown**, 789 A.2d 292 (Pa. Super. 2001), we held that an appeal for a trial *de novo* constitutes the only avenue for appeal from an adverse ruling in compulsory arbitration, and such an appeal must be filed within thirty days of the award's entry on the docket. **Stivers,** 789 A.2d at 294. Moreover, "[t]imeliness of … a *de novo* appeal in common pleas court[] is a jurisdictional question. Where a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace." ***Id***. at 296 (quoting **Lee v. Guerin**, 735 A.2d 1280, 1281 (Pa. Super. 1999)).

---

[2] Pennsylvania Rule of Civil Procedure 1308(a) provides in pertinent part:

(a) An appeal from an [arbitration] award shall be taken by

(1) filing a notice of appeal in the form provided by Rule 1313 with the prothonotary of the court in which the action is pending not later than thirty days after the day on which the prothonotary makes the notation on the docket that notice of the entry of the arbitration award has been provided as required by rule 1307(a)(3)[.]

Pa.R.C.P. 1308(a).

Our review of the record reflects that the award of the arbitrators was filed with the trial court and entered on the docket on February 6, 2019. Arbitration Award, Certified Record Document #19, at 3. The record further reflects that Pa.R.C.P. 236 notice was sent to the parties on February 7, 2019. *Id*. at 4. Accordingly, Appellant had until March 11, 2019 to file with the trial court a timely appeal from the award of the arbitrators.[3] The record further reveals that the trial court received Appellant's notice of appeal on March 12, 2019. Accordingly, Appellant's appeal from the award of the board of arbitrators was patently untimely. Hence, the trial court lacked jurisdiction to entertain Appellant's appeal. *Stivers*, 789 A.2d at 296. Therefore, the trial court properly granted Appellee's motion and struck the appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/20

---

[3] We observe Appellant needed to file his appeal on or before Monday, March 11, 2019, because March 9, 2019 was a Saturday. *See* 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation).