2024 PA Super 181

| | | |
|---|---|---|
| TYSHIRA MCNEAL | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| M & J AUTO REPAIR, JOHN DOES | : | |
| NO. 1 THROUGH X, XYZ COMPANIES | : | |
| 1-10, MARVIN MORRIS | : | No. 2507 EDA 2023 |
| | : | |
| | : | |
| APPEAL OF: M & J AUTO REPAIR | : | |

Appeal from the Order Entered August 25, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No:  200600413

BEFORE:   STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

OPINION BY STABILE, J.:                          **FILED AUGUST 14, 2024**

This appeal concerns whether a judgment was erroneously amended to name Appellant, Marvin Morris (Morris), as a defendant on a date beyond the applicable statute of limitations period.  We affirm.

Appellee, Tyshira McNeal, was bitten by a dog on April 17, 2019, while she was receiving services from a business called "M & J Auto Repair," located a 3946 Bott Street, in Philadelphia, Pennsylvania.  McNeal filed suit on June 8, 2020, alleging that the owner or owners of the business operated on the premises were negligent.  The defendants were identified as "M & J Auto Repair," or alternatively, defendants with the fictitious names, "John Does No. 1 through X" and "XYZ Companies 1-10."

---

[*] Former Justice specially assigned to the Superior Court.

An answer to McNeal's complaint was filed on behalf of "M & J Auto Repair" on September 28, 2020, with the aid of counsel. Morris handwrote his signature on the verification page of that answer. The bottom of the final page of the document also referred specifically to Morris, as it contained the file name, "L:/Morris Marvin/Defendant's Response to Plaintiff's Complaint and New Matter 7-6-2020.doc."

The case went before a compulsory judicial arbitration panel. M & J Auto Repair participated in the arbitration, again with the aid of counsel. On June 16, 2022, the arbitration panel entered an award in McNeal's favor, and against only M & J Auto Repair. No appeal was taken from the arbitration award.

McNeal filed a *praecipe* to enter judgment against M & J Auto Repair on July 21, 2022, and a judgment was entered on that date. Over a year later, on July 19, 2023, McNeal moved to amend the caption on the judgment and all other filings in the matter to identify the defendant as "Marvin Morris, a/k/a Marvin Morrin, Doing Business as M & J Auto Repair and M & J's Auto Body, Unregistered Fictitious Names."

Morris, with the aid of the same counsel who had previously represented M & J Auto Repair, objected to the amendment on a number of grounds. He contended that the judgment could not be amended because "M & J Auto Repair" was "not a legal entity," making the judgment null and void. Further, he argued that he could not be named as a defendant in the case because,

from January 5, 2017, until the time of McNeal's injury, "Ebony Morris" was the owner and operator of the business located at the address of the incident (3946 Bott Street). Morris also claimed that he had never been served the complaint or received legal process in the case, preventing the trial court from exercising personal jurisdiction over him.

The objections lodged by Morris were inconsistent with several exhibits attached to McNeal's motion to amend. In addition to the handwritten signature made by Morris on the verification to the answer filed on behalf of M & J Auto Repair, other documents tended to establish that Morris did business under that name. Property Assessment records and the most recent deed to the property located at 3946 Bott Street reflected that Morris was the owner at the relevant times.[1]

The Court of Common Pleas of Philadelphia County (trial court) granted McNeal's motion to amend the pleadings and the judgment to reflect that Morris was the sole defendant. He then timely appealed the order and filed a 1925(b) statement. The trial court, in turn, entered a 1925(a) opinion giving

---

[1] The reference to "Ebony Morris" in Exhibit D of Morris' response to the motion to amend does *not* identify that third party as the owner of the subject property. The exhibit is a purported license for the business located at 3946 Bott Street. Only the "business mailing address" in the document includes then the name, "Morris Ebony," and the designated lines for the "Owner contact address" were left blank. **See** Response to Motion to Amend the Judgment, 8/7/2023, at ¶¶ 5-6, Exhibit D.

its reasons why the order should be upheld. *See* Trial Court 1925(a) Opinion, 11/14/2023, at 4-13.

The trial court first stated that Morris' appeal should be quashed as interlocutory under Pa.R.A.P. 312 because the amendment of a pleading is generally not immediately reviewable. *See id*., at 4-6. The trial court found further that the amendment was not barred by the statute of limitations because it only corrected a designation of the defendant without adding a new party, and Morris had himself participated in litigating the case, preventing the amendment of the judgment from causing him any prejudice. *See id*., at 6-13.

In his brief, Morris now argues that the trial court erred in granting the motion to amend because it lacked subject matter jurisdiction. Alternatively, he contends that the amendment of the judgment was barred by the statute of limitations under Pa.R.C.P. 1033(b) because McNeal's motion to amend the pleadings and judgment was filed well beyond the two-year limitations period for her negligence claim. *See* Appellant's Brief, at 3.

McNeal responds that Morris waived his claim that the trial court erred in "correcting" the named defendant in the judgment because he only asserted in his 1925(b) statement that the trial court erred in allowing her to add "a new and additional party." She also states that Morris' claims lack merit because her amendment was timely, and the trial court had jurisdiction to amend the judgment under Rule 1033.

Finally, the parties have disputed the import of our decision in ***Thom v. CDM Auto Sales***, 221 A.3d 681 (Pa. Super. 2019). Morris construes the opinion as requiring a motion to amend a judgment to be filed within 90 days of the date on which the statute of limitations period to file a claim has expired. The limitations period in this case ended on April 17, 2021, and the 90th day after that date fell on July 16, 2021. The motion to amend the judgment was filed over two years after that date, on July 19, 2023. In Morris' view, the motion to amend was untimely, and the trial court lacked jurisdiction to grant it under Rule 1033.

McNeal acknowledges that ***Thom*** contains language suggesting that her motion to amend was untimely under Rule 1033, but she urges this Court to disregard that part of the opinion as *dictum* because it was not essential to the holding of the case.

A trial court's ruling on a motion to amend pleadings is subject to an abuse of discretion standard of review. ***See The Brickman Grp., Ltd v. CGU Ins. Co.***, 865 A.2d 918, 9267 (Pa. Super. 2004) (citation omitted); ***see General Mach. Corp. v. Feldman***, 507 A.2d 831, 834 (Pa. Super. 1986) (noting that the application of Rule 1033 is subject to the discretion of the trial court). To the extent the trial court's decision involves the interpretation of a Pennsylvania Rule of Civil Procedure, the issue involves a question of law, and the standard of review is *de novo*. ***See Boatin v. Miller***, 955 A.2d 424, 427 (Pa. Super. 2008); ***Huntington Nat'l Bank v. K-Cor, Inc.***, 107 A.3d 783,

785 (Pa. Super. 2014). When applying the Pennsylvania Rules of Civil Procedure, they must be liberally construed. **See** Pa.R.C.P. 126.

As a preliminary matter, we find that Morris properly appealed the order granting an amendment of the judgment, as it was not interlocutory in nature. At the time of the amendment, all claims between the parties had already been disposed of.[2] This made the order immediately appealable as of right pursuant to Pa.R.A.P. 341. **See EMC Mortg., LLC v. Biddle**, 114 A.3d 1057, 1059 (Pa. Super. 2015) (holding that order granting motion to reassess damages and modify default judgment was final, appealable order).

Moreover, the issue regarding the timeliness of McNeal's motion to amend was sufficiently raised before the trial court to preserve this claim for appellate review. Morris has consistently claimed that the amendment was barred by the statute of limitations and Rule 1033. The arguments Morris has made on appeal are all the same as, or subsidiary to, the grounds he asserted below. **See** Pa.R.A.P. 1925(b)(4)(v) (errors enumerated in a 1925(b)

---

[2] The trial court cited caselaw holding that the amendment of *pleadings* is generally interlocutory and not subject to immediate appeal. **See** Trial Court 1925(a) Opinion, 11/14/2023, at 6 (citing **Horowitz v. Universal Underwriters**, 580 A.2d 395, 397 (Pa. Super. 1990)). Here, however, a *judgment* was entered following an arbitration award that was not appealed, making it final. **See Stivers Temp. Pers. v. Brown**, 789 A.2d 292, 294 (Pa. Super. 2001) ("Upon entry of the compulsory arbitration award on the docket and appropriate notice, the award took the force and effect of a final judgment.").

statement are "deemed to include every subsidiary issue that was raised in the trial court[.]").

Next, we address Morris' argument that the trial court was barred from granting McNeal's motion to amend because she did not file an appeal from the compulsory arbitration award within 30 days from its entry pursuant to 42 Pa.C.S.A. § 7361(d), Pa.R.C.P. 1307(d), and Pa.R.C.P. 1308(a)(1).

A party has a right to appeal a compulsory arbitration award by requesting a trial *de novo*. **See** 42 Pa.C.S.A. § 7361(d). To do so, a party must "file an appeal to the court of common pleas . . . under Pa.R.C.P. 1308" within 30 days from the date the award is entered. **Stivers Temp. Pers., Inc. v. Brown**, 789 A.2d 292, 295 (Pa. Super. 2001); **see also** Pa.R.C.P. 1308(a)(1) (providing that an appeal from an arbitration award shall be taken by filing a notice of appeal "not later than thirty days after the day on which the prothonotary makes the notation on the docket that notice of entry of the arbitration award has been provided[.]").

"Where the record and the award disclose an obvious and unambiguous error in the award in mathematics or language [in a compulsory arbitration award], the court, on application of a party within the thirty-day period allowed for appeal, may mold the award to the same extent and with the same effect as the court may mold the verdict of a jury." Pa.R.C.P. 1307(d).

The timing of an appeal of an arbitration award is a jurisdictional question. **See Lee v. Guerin**, 735 A.2d 1280, 1281 (Pa. Super. 1999).

Where an arbitration award is not appealed, the judgment "shall be enforced as any other judgment of the court." 42 Pa.C.S.A. § 7361(d).

We find that the authorities relied upon by Morris are inapplicable. Crucially, McNeal was not seeking to vacate or otherwise mold the judgment to correct a patent error pursuant to Pa.R.C.P. 1307(d). She was instead seeking to keep the judgment intact and make it enforceable by *correcting the name of the identified defendant*. Morris himself describes "M & J Auto Repair" as an "unregistered fictitious name" that refers to a non-existent entity, so by his own admission, the party name on the pleadings and judgment was incorrect. The trial court was therefore permitted to grant McNeal's motion to amend the judgment as long as doing so comported with the rule that governs such corrections – Pa.R.C.P. 1033.

On this point, Morris and McNeal again differ, offering conflicting interpretations of Rule 1033 which outlines the procedures for correcting a party's name in a case. The rule provides as follows:

> (a) A party, either by filed consent of the adverse party or by leave of court, may **at any time** change the form of action, add a person as a party, **correct the name of a party**, or otherwise amend the pleading . . . .
>
> (b) **An amendment correcting the name of a party** against whom a claim has been asserted in the original pleading **relates back** to the date of the commencement of the action **if, within 90 days after the period provided by law for commencing the action, the party received notice of the institution of the action** such that it will not be prejudiced in maintaining a defense on the merits and the party knew or should have known that the action would have been brought against the party but for a mistake concerning the identity of the proper party.

- 8 -

Pa.R.C.P. 1033 (emphases added).

Although Rule 1033 ostensibly covers the amendment of pleadings, this Court has clarified that *final judgments* may be amended pursuant to the rule as well. **See Thom**, 221 A.3d at 685-86.

In this case, McNeal's claim accrued on the date of the dog bite incident, on April 17, 2019. She filed suit within the two-year limitations period, which ended on April 17, 2021.[3] Judgement was entered on July 21, 2022. The motion to amend the caption of the judgment was filed beyond the limitations period, on July 19, 2023.

Under Rule 1033(a), McNeal was free to seek "[a]n amendment correcting the name of a party . . . by leave of court . . . at any time[.] The next section of the rule, part (b), allowed this correction of a party's name as long as (1) McNeal's cause of action in the original pleading remained unchanged, (2) Morris received notice of the "commencement of the action" no more than "90 days after the period provided by law for commencing the action," (3) Morris was notified of the action at such a time that he was not "prejudiced in maintaining a defense," and (4) Morris "knew or should have known that the action would have been brought against [him] but for a mistake concerning the identity of the proper party."

The trial court found that all four elements of Rule 1033 were met, and we find no error in that determination. McNeal's underlying claim against

---

[3] The statute of limitations period for a claim of negligence is two years from the date that the claim accrues. **See** 42 Pa.C.S.A. § 5524(2).

M & J Auto Repair was the same claim she directed against Morris by way of her requested amendment. There is evidence in the record that Morris was fully apprised of the allegations in McNeal's pleadings; Morris himself signed the verification in the answer submitted on behalf of M & J Auto Repair.

Since Morris was duly notified of the nature of McNeal's claims at the outset of the case, he could not have been prejudiced in maintaining a defense. There is ample evidence in the record that Morris owned and operated M & J Auto Repair at the time of the incident, so he knew or should have known that the action would have been brought against him but for McNeal's mistake concerning the identity of the proper party. Morris' purported knowledge that McNeal made an error in identifying the proper party should have made him aware that the action would have been brought against him but for that mistake.

As to the timeliness of McNeal's motion to amend, we also agree with the trial court that Rule 1033 did not bar the correction of the judgment. It is well established that the rule allows the correction of a party's name "at any time," including after the running of the statute of limitations for the claims at issue, as long as the named defendant is not prejudiced by the amendment. *See e.g., Jacobs Air Conditioning and Heating v. Associated Heating and Air Conditioning*, 531 A.2d 494, 496 (Pa. Super. 1987); *see also Goolsby v. Papanikolau*, 637 A.2d 707, 711 (Pa. Cmwlth. 1994).

This Court has nevertheless commented that Rule 1033 prohibits a party's name from being amended in a judgment "if more than 90 days have

- 10 -

passed since the expiration of the statute of limitations." ***Thom***, 221 A.3d at 685. Morris argues that under ***Thom***, McNeal could not amend the judgment because her motion to amend was filed on July 19, 2023, a date over 90 days after the limitations period had ended (April 17, 2021).

We are unpersuaded by this argument, and instead agree with McNeal that ***Thom*** does not mandate the reversal of the subject amendment of the judgment. Our Supreme Court has defined *obiter dictum* (or *dicta* in the plural form) as: "A judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (although it may be considered persuasive)." ***Commonwealth v. Romero***, 183 A.3d 364, 400 n.18 (Pa. 2018) (quoting BLACK'S LAW DICTIONARY 1240 (10th ed. 2014)). The comment in ***Thom*** relied upon by Morris qualifies as such.[4]

In ***Thom***, a plaintiff sought to correct the name of the defendant in a default judgment. No appeal was taken from the judgment, and the motion to amend the defendant's name was filed within the statute of limitations

---

[4] This Court has further distinguished *obiter dictum*, which has no precedential value, from "*judicial dictum*," which does. The latter term refers to a court's expression of opinion on a point involved in the case that is not essential to disposition, but which "becomes authoritative when the court expressly declares it to be a guide for future conduct." ***HTR Restaurants, Inc. v. Erie Ins. Exch.,*** 260 A.3d 978, 989 n.3. (Pa. Super. 2021), ***aff'd***, 307 A.3d 49 (Pa. 2023) (citing 21 C.J.S. Courts § 226; Dictum Revisited, 4 Stan. L. Rev. 509 (1952)). There is no indication in ***Thom*** that the expression of opinion now relied upon by Morris as to Rule 1033 was intended to be treated as authoritative.

period. There was no question that the plaintiff had attempted to sue the correct party, and that the defendant was not prejudiced because it had fully taken part in the proceedings from the outset of the suit. The trial court denied the motion on the sole ground that Rule 1033 "applied only to amendments of pleadings and not judgments." 221 A.3d at 684.

The narrow issue before us in **Thom** therefore was whether Rule 1033 applies with respect to the amendment of judgments even though the language of the rule only refers to pleadings. We reasoned that an "absurd result" would follow from allowing all pleadings to be amended in a case, but not the judgment. **Id**., at 686. In the holding of the opinion, we stated that rule 1033 would "apply to judgments in situations where, as here, pleadings are amended to correct the name of a party (not to add a new party) after entry of judgment but within 90 days of the applicable statute of limitations period." **Id**.

Because the plaintiff in **Thom** sought to amend the judgment within the limitations period, it was not necessary for the purposes of disposition for this Court to opine on whether it would have been timely *beyond* 90 days from that point, as are the circumstances in the present matter. Accordingly, **Thom** cannot be read as binding precedent that prohibits the amendment of a judgment outside of 90 days from the date on which the statute of limitations has run. **See Romero**, 183 A.3d at 400 n.18.

To conclude, the trial court's interpretation of Rule 1033 must be upheld because it comported with the rule's plain language. Part (b) of the rule

provides that an amendment changing the name of a party will relate back to the commencement of the action if "within 90 days after the period provided by law for commencing the action, the party received notice of the institution of the action[.]" Pa.R.C.P. 1033(b). These timing provisions only concern (1) when suit was filed, and (2) the statutory period for filing suit. The date of the amendment correcting a party's name is only relevant insofar as it would result in that party being "prejudiced in maintaining a defense on the merits[.]" *Id*.[5]

Here, Morris received notice of the "institution of the action" no later than September 28, 2020, when he personally verified the answer to McNeal's complaint. The day falling "90 days after the period provided by the law for commencing the action" in this case was July 16, 2021. Morris therefore received notice of the institution of the action long before the date required by Rule 1033(b). Neither the trial court, nor this Court, have discerned any prejudice that Morris could have incurred in defending against the claim as a result of the amendment. Thus, the trial court's order did not run afoul of the rule, and the amendment of the judgment must stand.

Order affirmed.

President Judge Emeritus Stevens joins the Opinion.

---

[5] The Explanatory Comment (2017) of Rule 1033 clarifies that part (b) was meant to "expressly permit amendments correcting the name of the party against whom a claim is asserted to relate back to the date of the commencement of the action if within ninety days after the period provided by law for commencing the action, the party to be brought in by the amendment has received notice of the commencement of the action[.]"

- 13 -

Judge Lane did not participate in the consideration or decision of this case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/14/2024