J-S47014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MURNICK PROPERTY GROUP, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| 910 MACDADE INVESTORS, LLC, | : | No. 1583 EDA 2025 |
| KENNETH COHEN, BRENT COHEN, | : | |
| JONATHAN GELMAN, AND LOUIS | : | |
| RAPPAPORT | : | |

Appeal from the Order Entered May 27, 2025
In the Court of Common Pleas of Delaware County
Civil Division at No(s): CV-2019-009378

BEFORE: PANELLA, P.J.E., OLSON, J., and STEVENS P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED MARCH 27, 2026**

Murnick Property Group, LLC ("Murnick") appeals from the order denying Murnick's petition to vacate the arbitrator's amended award of attorneys' fees and granting the cross-motion filed by 910 MacDade Investors, LLC, Kenneth Cohen, Brent Cohen, Johnathan Gelman and Louis Rappaport (collectively "910 MacDade") to confirm the arbitrator's award. After careful review, we affirm.

The trial court pertinently summarized the factual and procedural history of this matter as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

Murnick filed a complaint in [the trial] court on November 12, 2019 against 910 MacDade and demanded relief through fraudulent misrepresentation (count one) and implied covenant of good faith and fair dealing (count two). The complaint identified the nature of the action as to recover damages due to intentional misrepresentation of material facts concerning the status of certain parcels of land to be sold by 910 MacDade to Murnick upon which a Wawa business center would operate. Attached to the complaint as exhibits were a Bohler Engineering site governance plan, a July 19, 2019 Letter of Intent, and an August 21, 2019 Purchase Agreement for the real estate. Murnick terminated the Purchase Agreement during the due diligence period because 910 MacDade only owned five (5) of the seven (7) parcels in the transaction. The remaining two parcels were owned by the Borough of Collingdale which had executed a ninety-nine year lease with 910 MacDade. Murnick balked at that term and the deposit monies were timely returned. However, Murnick demanded additional damages in this proceeding. An amended answer with new matter was docketed on January 2, 2020, by 910 MacDade which vigorously denied any misconduct and in the wherefore clause demanded counsel fees and costs if it prevailed in litigation pursuant to terms of the Purchase Agreement.

The dockets reflect 910 MacDade's motion for judgment on the pleadings and discovery applications by both parties during the initial period of litigation when the courts were hampered by the covid pandemic. [The trial court] was assigned the matter in February[] 2023 and placed the action on a non-jury trial term commencing July 31, 2023. The parties on May 10, 2023 executed an agreement to arbitrate and selected an attorney to act as a single binding arbitrator.

An arbitration decision with factual and legal basis was issued on August 10, 2023. The arbitrator found in favor of 910 MacDade and for purposes of this appeal further concluded that the Purchase Agreement entitled 910 MacDade to attorney fees and costs as the prevailing party. On December 19, 2023, the arbitrator issued a brief correspondence to counsel and announced that he awarded 910 MacDade attorney fees/costs in the amount of $435,383.58. The demand by 910 MacDade before the arbitrator was for a total sum of $475,526.88.

Murnick on January 18, 2024 filed at this docket a petition to vacate or remand for proper consideration [of] the arbitrator's

award of attorney fees. A response in opposition was filed by 910 MacDade on February 7, 2024 and the pleading included a cross-motion to confirm the arbitrator's decision and enter judgment. Murnick filed a sur-reply and [the trial c]ourt conducted argument on March 14, 2024. After full review of the record and memorandum, [the trial c]ourt on April 15, 2024 vacated the December 19, 2024 correspondence and remanded jurisdiction to the arbitrator to issue an amended arbitration fee decision with factual and legal basis. [The trial c]ourt granted the arbitrator discretion to conduct additional hearing or demand additional argument/briefings. [The trial c]ourt mandated that the new decision contain detailed findings and legal analysis.

The arbitrator issued an amended arbitration fee decision on November 13, 2024. The decision contained findings of fact, applicable law and conclusions and awarded 910 MacDade attorney fees and costs in the amount of $463,313.50. Murnick on December 11, 2024 docketed a petition to vacate the arbitrator's amended award of attorneys' fees following remand from [the trial c]ourt. A response and a renewed cross-motion to confirm the arbitrator's award and enter judgment for 910 MacDade was docketed on December 19, 2024. Murnick filed a surreply on January 9, 2025. Argument before [the trial c]ourt was conducted on April 1, 2025.

After review of the petition and response, memorandum and argument, [the trial c]ourt on May 27, 2025, denied the petition to vacate the arbitrator's amended award and granted 910 MacDade's cross-motion to confirm the arbitrator's award and enter judgment and stated:

***[The trial c]ourt's review of the May 10, 2023 agreement to arbitrate and the complaint and amended answer with new matter which constituted the "dispute" for the binding diversionary procedure clearly referenced and included the August 21, 2019 purchase agreement and section 23(1) therein which established an award of attorney fees for a prevailing party.***

***The arbitrator's November 13, 2024 amended arbitration attorney fee decision issued pursuant [to the trial c]ourt's remand order dated April 15, 2024 is proper and so entered. [Murnick] is disappointed by the arbitration award and amended fee decision, however [the trial c]ourt cannot***

- 3 -

> ***find fraud, misconduct, corruption or other irregularity that caused the rendition of an unjust, inequitable award. Always Busy Consulting, LLC v. Babford & Company, Inc., 260 A.3d 111 (Pa. Super. Ct. 2021).***

Trial Court Opinion, 8/14/25, at 1-4 (record citations and unnecessary capitalization omitted) (emphasis in original).

Murnick raises the following single issue on appeal:

> Did the [trial] court [] commit reversible error in denying [Murnick]'s petition to vacate the arbitrator's amended award of attorneys' fees and granting [910 MacDade]'s cross-motion to confirm the arbitrator's award and enter judgment given the following[−] First, no substantive basis existed for [910 MacDade] to be awarded any attorneys' fees or costs. Second, the amended award failed to set forth the "detailed findings and legal analysis" required by the April 15, 2024 order of the [trial] court [], which had vacated the arbitrator's deficient initial award. Third, the amended award did not address all of [Murnick]'s challenges to [910 MacDade]'s request for fees.

Appellant's Brief, at 2 (unnecessary capitalization omitted).

Preliminarily, we note that the arbitration in this case is a matter of common law arbitration, because the parties agreed to submit this matter to binding arbitration pursuant to an Agreement to Arbitrate signed on May 10, 2023. ***See*** 42 Pa.C.S.A. § 7302(a); ***see also Runewicz v. Keystone Ins. Co.***, 383 A.2d 189, 191 (Pa. 1978).

Our standard of review of common law arbitration is very limited:

> The award of an arbitrator in a nonjudicial arbitration which is not subject to statutory arbitration or to a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

>The arbitrators are the final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either. A trial court order confirming a common law arbitration award will be reversed only for an abuse of discretion or an error of law.

*U.S. Claims, Inc. v. Dougherty*, 914 A.2d 874, 876-77 (Pa. Super. 2006) (citations, quotation marks, and internal brackets omitted). Moreover, the appellant "bears the burden to establish both the underlying irregularity and the resulting inequity by 'clear, precise and indubitable evidence.' In this context, irregularity refers to the process employed in reaching the result of the arbitration, not the result itself." *Gargano v. Terminix Intern. Co., L.P.*, 784 A.2d 188, 193 (Pa. Super. 2001) (internal citation omitted).

Here, Murnick claims the trial court erred in refusing to vacate the arbitration award, because (1) no substantive basis existed for attorneys' fees to be awarded to 910 MacDade, and (2) the amended award does not contain the "detailed findings and legal analysis" required by the trial court's April 15, 2024 order and failed to address all of Murnick's challenges to the award.

Paragraph 23(l) of the Purchase Agreement provides that "[i]n the event of any controversy, claim, dispute, or proceeding between the parties *concerning this Agreement*, the prevailing party shall be entitled to recover all of its reasonable attorneys' fees and other costs in addition to any other relief to which it may be entitled." Complaint, 11/12/19, Exhibit C, at ¶ 23(l) (emphasis added).

In the complaint, Murnick alleged:

29. In justifiable reliance on the representations made to it on behalf of [910 McDade], as set forth in the preceding paragraphs, [Murnick] went ahead and executed **the Purchase Agreement**, dated August 21, 2019 (the "Purchase Agreement"). Attached as Exhibit C is a true and correct copy of the Purchase Agreement.

30. [Murnick] would not have executed **the Purchase Agreement** but for the several representations made to it by [910 McDade] that the land swap with the Borough was being finalized and was imminent as set forth in the preceding paragraphs.

Complaint, 11/12/19, at ¶¶ 29-30 (emphasis added). In both counts of the complaint, Murnick claims 910 MacDade made misrepresentations of material fact that induced it to act on those representations; the culminating "act" being the execution of the Purchase Agreement. ***See id.*** at ¶¶ 29-30, 39-42, 44, 49.

Despite the above quoted language from the Purchase Agreement in paragraph 23(l), Murnick now argues that there was no legal basis for the trial court to confirm the arbitrator's amended award of attorneys' fees because the terms of the Purchase Agreement were not in issue:

[Murnick]'s [c]omplaint . . . neither claimed breach of contract nor sought any relief for breach of the parties' Purchase Agreement, upon which [910 MacDade]'s claim for attorneys' fees rests. Rather, the [c]omplaint alleged fraudulent inducement and did not rest on the Purchase Agreement. The reference to the Purchase Agreement in the [c]omplaint was included to provide an accurate chronology of events, not to make any claim for relief under it. This is why there was no substantive basis for the invocation of its fee-shifting provision or the award of attorneys' fees to [910 MacDade]. This same conclusion would hold if [Murnick] had been the prevailing party.

Appellant's Brief, at 10.  This argument is not supported by the record.  It is a stretch for Murnick to argue the complaint does not "concern" the Purchase

Agreement simply because Murnick has not specifically raised breach of contract claims. While the complaint may address acts that occurred prior to execution of the Purchase Agreement, it is clearly based upon the representations and negotiations between the parties which resulted in the aforesaid Purchase Agreement, i.e., it clearly also concerns the Purchase Agreement. Accordingly, the above fee-shifting provision in the Purchase Agreement provided the basis for the arbitrator's award of attorneys' fees.

Next, Murnick argues the amended arbitrator's award does not contain the "detailed findings and legal analysis" required by the trial court's April 15, 2024 order, and failed to address all of its challenges to the initial award.

After the parties agreed to arbitrate this matter, an arbitration decision was announced on August 10, 2023, in favor of 910 MacDade on both counts of the complaint. On September 22, 2023, 910 MacDade filed an application for attorneys' fees and costs. On December 19, 2023, the arbitrator issued his decision, by way of a letter to the parties, and awarded 910 MacDade attorneys' fees in the amount of $435,383.58. **See** Arbitrator's Letter Awarding Attorney Fees, 12/19/23, at 2. The arbitrator did not include certain items in the award, including requested fees for a second attorney at the arbitration, billed expenses, and charges in connection with the preparation of the fee application, totaling approximately $40,000, as the arbitrator found those items were not reasonable. **See id.** at 1-2.

Murnick subsequently filed a petition to vacate or remand for proper consideration of the arbitrator's award of attorneys' fees. On April 15, 2024, the trial court entered an order vacating the arbitrator's award of attorneys' fees, specifically directing that the arbitrator's amended decision "shall contain detailed findings and legal analysis." Order, 4/15/24, at 1.

On November 13, 2024, the arbitrator filed an amended arbitration attorney fee decision. The amended decision included the arbitrator's findings of fact, relevant case law supporting the award of attorneys' fees, and the proper method for calculating them, and finally the arbitrator's conclusions based on his review of 910 MacDade's application, supporting documentation, Murnick's responses, the submissions of both parties, and relevant case law.

Murnick argues that because the Arbitrator did not specifically address each of Murnick's "detailed challenges" to the initial award of attorneys' fees, the arbitrator's award of attorneys' fees was insufficient as a matter of law:

> [Murnick] presented legal support and detailed challenges opposing [910 MacDade]'s fees associated with (i) the litigation of claims on which [910 MacDade] did not succeed, (ii) time entries that were vague, (iii) time entries that were patently excessive and unreasonable, (iv) time entries for work that was unreasonably undertaken, and (v) for time entries that reflected the inappropriate duplication of efforts by multiple attorneys.
>
> The amended award did not address categories (i) through (iv), let alone provide the required "detailed findings and legal analysis" required by the April 15, 2024 court order. And for category (v), the amended award did little more than repeat its earlier conclusion that except for "the requested fees for a second lawyer at the Arbitration," "the utilization of two lawyers (with the assistance of associates and staff) on this matter was reasonable." The arbitrator did this without specifically addressing each and

every highlighted instance of other unnecessary duplications of effort and multiple levels of review by several attorneys throughout the litigation. The amended award fell far short of what the court below required from the arbitrator.

Appellant's Brief, at 18 (unnecessary capitalization and reproduced record citations omitted). Notably, Murnick does not provide any legal support for this contention, *i.e.*, that an arbitrator is required to respond to every single challenge a party makes to their decision. We know of no such authority. **See contra PennEnergy Resources, LLC v. Winfield Resources, LLC**, 301 A.3d 439, 451 (Pa. Super. 2023) ("An arbitrator is [] not required to provide a rationale for his or her decision or how it arrived at monetary damages.").

We are uncertain exactly what more Murnick is seeking here. We cannot hold that the amended decision fails to contain the level of detail typically required of such an analysis or as specified by the trial court. The arbitrator clearly analyzed everything that was provided to him, and came to numerous conclusions, including that both the firm's hourly rates and the hours expended were reasonable given the case presented, and that the firm represented multiple defendants on a fact-intensive and complicated case over four years of litigation. **See** Amended Arbitration Attorney Fee Decision, 11/13/24, at 3-4. While the arbitrator did not provide a line-by-line review, there is no necessity that this level of detail is required, and importantly he did not grant the attorneys' fees *carte blanche*, noting multiple specific line items that he did not find were reasonable to award. **See id.** at 4.

As we find Murnick's contentions do not merit relief, we affirm the trial court's order denying Murnick's petition to vacate the arbitrator's amended award of attorneys' fees and granting the cross-motion filed by 910 MacDade.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/27/2026